## Martha Neville, Appellee, v. Chicago & Alton Railroad Company, Appellant.

### Gen. No. 23,830. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1917. Reversed. Opinion filed March 25, 1918.

### Statement of the Case.

Action by Martha Neville, plaintiff, against Chicago & Alton Railroad Company and James Conway, defendants, for damages for an assault by defendant Conway, a watchman of defendant railroad company. A judgment for $1,000 was rendered against both defendants. The cause was dismissed as to defendant Conway, and defendant railroad company appealed from the judgment against it.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; SILAS H. STRAWN, J. SIDNEY CONDIT and LESLIE M. O'CONNOR, of counsel.

C. J. WARING and JOHN S. REYNOLDS, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. INSTRUCTIONS, § 7*—when accuracy essential. In an action for damages for an assault, where the evidence is conflicting, the jury should be carefully and accurately instructed as to the law applicable to the facts of the case.

2. MASTER AND SERVANT, § 870*—when instruction on liability of railroad for assault by watchman is misleading. In an action against a railroad company and one of its servants, a watchman,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Neville v. Chicago & Alton R. Co., 210 Ill. App. 168.

for damages for an assault by the servant, an instruction that if the jury believed from the evidence that "the defendants assaulted and beat the plaintiff," etc., the jury might fix the damages, etc., was misleading, when it was neither alleged nor shown that defendant company had participated in the assault by the servant.

3. ASSAULT AND BATTERY, § 22*—*when instruction on amount of damages for assault erroneous.* An instruction, in an action for damages for an assault, authorizing the jury to assess plaintiff's damages, if any, "at such sum as they believe from the evidence she is reasonably entitled to," was erroneous, as the right of recovery should have been limited to the damages charged in the declaration.

4. INSTRUCTIONS, § 88*—*when instruction on determination of preponderance of evidence erroneous.* An instruction for the plaintiff advising the jury that the preponderance of evidence in a case "is not alone determined by the number of witnesses testifying to a particular fact, or state of facts," and then enumerating the matters proper to be considered by the jury, omitting the number of witnesses testifying for and against, is erroneous.

5. MASTER AND SERVANT, § 867*—*when ratification of wrongful conduct of servant in committing assault not shown.* Evidence held insufficient to show that defendant railroad company ratified and acquiesced in the alleged wrongful conduct of its servant in committing an assault upon a person on its property.

6. MASTER AND SERVANT, § 867*—*what insufficient to show acquiescence in wrongful act of servant committing assault.* The fact that an employee of a railroad company who commits an assault upon a person on the railroad property continues in the employ of the railroad company is not sufficient to show knowledge of or acquiescence in the wrongful acts of the servant.

7. MASTER AND SERVANT, § 849*—*what is effect of retention of employee on liability of master for assault by him.* A railroad company is not liable for the acts of a servant committing an assault upon a person on the railroad property where it in no way participates in the acts, although it retains the employee after the assault.

8. MASTER AND SERVANT, § 836*—*when doctrine of respondeat superior does not apply.* The doctrine of respondeat superior does not apply where liability depends solely upon the contract of employment, so as to inflict exemplary damages upon the master for injuries resulting from conduct of a servant which he neither authorized, ratified nor participated in.

9. MASTER AND SERVANT, § 847*—*when act of servant not act of master.* The act of a servant is not the act of the master unless the act complained of is directed or adopted by the master.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.