## Harry Buckley, Appellee, v. Edgewater Beach Hotel Company et al., on Appeal of Edgewater Beach Hotel Company, Appellant.

## Gen. No. 31,929.

1. MASTER AND SERVANT—*right of hotel guest to maintain joint action against hotel and its officer for assault by officer.* A hotel guest cannot maintain a joint action on the case against the hotel corporation and its officer, who was employed to maintain order, for an assault committed upon him by the officer, since the liability of the corporation is predicated solely upon the doctrine of *respondeat superior.*

2. AGENCY—*right to maintain joint action against principal and agent for tort of agent.* A principal cannot be joined in an action on the case with the agent for a tort committed by the agent where the principal is liable solely upon the doctrine of *respondeat superior;* but the principal may be joined with the agent where he is liable on the theory of *respondeat superior,* provided he is further liable as a joint tort feaser by reason of some direct action or participation by him as principal.

3. MASTER AND SERVANT—*right to maintain joint action against master and servant for tort of servant.* A master and servant cannot be joined in an action on the case for a tort by the servant where the liability of the master is predicated solely upon the doctrine of *respondeat superior,* although either may be sued separately.

4. MASTER AND SERVANT—*sufficiency of evidence that hotel acquiesced in assault on guest by servant.* The mere fact that a hotel officer, who was employed to maintain order, was retained in his employment as a servant after his assault upon a guest is not sufficient to show that the hotel company acquiesced in the assault.

TAYLOR, P. J., dissents.

Appeal by defendant from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed January 18, 1928.

BRUNDAGE, LANDON & HOLT and FOREMAN, BLUFORD, STEELE & SCHULTZ, for appellant; BENSON LANDON, of counsel.

LITSINGER, HEALY & REID, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

The facts in this case show that Harry Buckley, plaintiff below, was, on September 30, 1924, a guest at the Edgewater Beach Hotel, located in the city of Chicago, and had been living there for six or seven weeks prior thereto. It appears that on the evening in question the plaintiff had dinner with his mother, who was also a guest at the hotel, and in company with one Mr. Snyder and a Miss Stix, remained in the lobby of the hotel until about 12:00 o'clock, at which time the mother retired, and the plaintiff went to a waffle shop nearby with Mr. Snyder and Miss Stix. They returned to the hotel about an hour later. It is further shown that the defendant corporation, Edgewater Beach Hotel Company, employed a number of people in the management and operation of its hotel, and, among others, employed James McAlvany, one of the defendants herein, for the purpose of maintaining peace and quiet throughout the hotel, and to have charge of the bell-boys and porters. He was at one time a police officer for the city of Chicago, but on the date in question had no commission to act as a police officer. He had, however, been instructed by the hotel management, particularly, to see that no liquor was used upon the premises and that all persons thereon acted in an orderly and proper manner, and if they did not, he had instructions to eject them. Among all other duties he was to take all necessary precautions on behalf of the corporation, to protect its guests. The defendant below Pierse R. Lynch appears from the testimony to have been employed by the hotel company in the capacity of house service man and was acting as an assistant to McAlvany. On the trial of this cause Lynch did not appear, nor was he represented by counsel and he has perfected no appeal in this case. It will not be necessary to refer to him further in this opinion. It

appears from the testimony that Buckley and McAlvany were not on very good terms. On the night in question, when he returned from the waffle shop, Buckley, upon entering the hotel, spoke to McAlvany, and thereupon an argument took place, which increased until it culminated in what appears to have been a free-for-all fight between Buckley on the one side and McAlvany and his assistant on the other. As a result, the police department was notified and the parties were taken to the police station, where a warrant was sworn out against Buckley charging him with disorderly conduct. The warrant was signed by McAlvany. On the trial of this cause the plaintiff was discharged and this action was brought against the defendants below, based on the ground of malicious assault and false imprisonment. The action was an action of trespass on the case and the trial resulted in a verdict of the jury, finding the defendants guilty and assessing the plaintiff's damages at the sum of $10,000. There was a remittitur by the plaintiff of $5,000 and judgment was thereupon entered on the verdict in the sum of $5,000.

It is insisted on behalf of appellant, Edgewater Beach Hotel Company, that its liability, if any, was predicated solely on the fact that McAlvany was its servant, and that the corporation was liable, if at all, solely on the doctrine of *respondeat superior*; and that this being the fact, it follows as a matter of law that the plaintiff could not maintain a joint action against the corporation and its servants, and for that reason this cause should be reversed.

It is insisted by counsel for plaintiff, first, that the right exists at law to sue a master and servant jointly, even though the master is liable only on the ground of *respondeat superior*; second, that the master is liable as a joint *tortfeasor* because of the fact that the servant was employed by it for the particular duty that was performed by him in the case at bar; and

third, that the master had acquiesced and approved of the conduct of the servant by continuing to retain him in its employ. The question of whether an action of case would lie against a master and servant jointly for the injury sustained by reason of the negligence of the servant in the course of his employment was considered in the case of *Johnson v. Magnuson,* 68 Ill. App. 448, and it was there held that the master and servant might be joined. The question again came on for consideration before this court in the case of *Berghoff Brewing Co. v. Przbylski,* 82 Ill. App. 361. In that case the court stated in its opinion that its attention had been called to the case of *Johnson v. Magnuson, supra,* and that it refused to follow that opinion, and for that reason discussed the cases fully and at length. In summing up, on page 374 of its opinion the court said:

"A judgment cannot be sustained against the master and servant jointly in a case where the master is liable only upon the doctrine of *respondeat superior.* The act of a servant is not the act of the master unless the act complained of is directed or adopted by the master. The master is not liable as if he had done the act himself, but because it is the policy of the law to protect the public by making him liable for the negligent acts of his servant, while the servant is acting within the scope of his employment. It is believed that this has been most generally held to be the law since it was so clearly stated by Lord Kenyon, C. J., in *McManus v. Crickett,* 1 East, 106."

The question was also considered in the case of *Republic Iron & Steel Co. v. Lee,* 227 Ill. 246. In that case, however, the court apparently held that the company and its agent, Worker, were joint tort-feasors, and that the defendant, Republic Iron and Steel Company, was not liable solely on the doctrine of *respondeat superior.* The court in its opinion expressly stated that the cases based on the doctrine of *respon-*

*deat superior* cited were not applicable to that particular case.  At page 253, the court says:

"We do not consider those cases applicable here. The declaration charged that Worker and Peterson gave appellee a negligent order and that his compliance therewith resulted in the accident.  Worker stood to appellee in the relation of a vice-principal.  He, personally and individually, owed to appellee the duty not to give him any order negligent in character.  The same duty rested upon the appellant.  Consequently, if a negligent order was given by Worker it was an affirmative wrong done by him in violation of a common duty owed by appellant and Worker to appellee and constituted Worker and appellant joint tort feasors, and they were therefore properly joined."

Our attention has also been called, by counsel for the plaintiff, to the case of *Van Meter v. Gurney*, 240 Ill. App. 165.  The facts in this case show that one Michael O'Rourke was killed by reason of being struck by an automobile which was being driven by one De Forrest; that one, Gurney, was a captain in the police department of the city of Chicago and De Forrest was a patrolman in the department designated as a chauffeur and assigned to drive for Gurney.  That at the time of the accident Gurney was riding in the car which was being driven by De Forrest.  Judgment in that case was obtained against the parties jointly, in the trial court, and the judgment was affirmed in this court; but the court in its opinion expressly distinguishes that case from the cases where the principal is held on the ground of *respondeat superior*.  At page 183, the court says:

"We are of the opinion that the evidence is sufficient to support a finding of the jury that Gurney and De Forrest were joint tort feasors, and further that the evidence is sufficient to hold Gurney liable on the doctrine of *respondeat superior*.  However, as the declaration states a cause of action on the theory of joint

tort feasorship only, and not a cause of action on the doctrine of master and servant, or in other words, *respondeat superior,* Gurney can be held liable only on the ground of tort feasorship."

Furthermore, the facts in that case disclose that the principal was present at the time of the accident and in control and management of the car. The final result of the analysis of the case of *Van Meter v. Gurney, supra,* is that the principal cannot be joined with the agent where the principal is liable solely upon the doctrine of *respondeat superior;* but that the principal may be joined with the agent where he is liable on the theory of *respondeat superior,* provided that he is further liable as a joint tort-feasor by reason of some direct action or participation by him, as principal. This court again, in the case of *McHale v. Mc-Quigg,* 236 Ill. App. 295, clearly recognizes the present rule to be that the principal and agent cannot be joined where the principal is liable solely upon the doctrine of *respondeat superior.* This court in the case of *Wisniewski v. Michigan Cent. R. Co.,* 218 Ill. App. 636, had occasion to pass on this question, upon a set of facts very similar to the case at bar. It appears in that case that the defendant, Michigan Central Railroad, had in its employ one McCary, whose duty it was to guard the property of the company and to make arrests for thefts committed thereon. It appears further that his duties were that of a police officer of the company, employed for a purpose somewhat similar to that for which McAlvany was employed in the case at bar. The suit was brought against the Michigan Central Railroad Company and McCary jointly, charging that they were guilty of assault and false arrest. In discussing the *Wisniewski* case, the court in its opinion says:

"If the testimony presented on behalf of the plaintiff be true, then there can be no doubt that an unlawful

assault was committed upon plaintiff and that he was unlawfully detained and imprisoned."

The court again in its opinion says:

"The evidence does not disclose that the alleged tort was jointly committed by the defendants. The Railroad Company's responsibility, if any, results from the rule that the master is responsible for tortious acts of a servant committed within the scope of the servant's employment. It is not based upon any theory of direct wrong-doing on the part of the master, and he cannot be jointly sued with the servant for damages resulting from a trespass committed by the servant for the reason that the master's liability results solely from a contractual relationship which he bears toward the servant."

In the case at bar, it is admitted that McAlvany was employed as an officer, for the purpose of protecting the interests of the hotel company, and it cannot be assumed that he was employed for the purpose of intentionally inflicting injury upon anyone, but that, in the course of his duty, he was expected to do those things which an officer occupying such a position as he did with the hotel company, would be ordinarily expected to do. While the rule is different in some jurisdictions, nevertheless, there is a well-defined rule which has been adopted in the Federal Court and in a number of states, to the effect that the servant cannot be joined with the master, where the sole liability of the master is based upon the doctrine of *respondeat superior*. After a consideration of the cases, we must come to the conclusion that this rule has been well settled in this jurisdiction, regardless of what the rule may be elsewhere.

As to the argument that the servant in this case was employed for the particular purpose of using force and therefore he was expressly authorized to do the thing charged by the plaintiff to have been done, there is no evidence that he was employed for the particu-

lar purpose of assaulting Buckley, and from the facts in evidence we can go no further than to conclude that he was employed for the purposes for which an officer would ordinarily be employed in discharging the duties of such an officer in and upon the premises of a hotel, and with full regard for the rights of those on the premises. It is insisted, however, that the defendant hotel company acquiesced in the assault, by reason of its retention of McAlvany as a servant of the company for a period of time after the occurrence in question. It is true that a principal, while not present, may ratify the acts of his servant so as to become personally liable. In our opinion there must be some such affirmative act as would indicate an expressed intention to concur in the acts of the servant. We do not believe that the mere retention of a servant alone would be sufficient. As a matter of fact, if the servant had been discharged immediately after the cause of action accrued to the plaintiff it would be argued, and with force, that it was a recognition by the defendant of the illegality of the act of its servant, and would amount to a practical admission of liability on the part of the corporation. Moreover, the corporation in this case denies that the servant was responsible, and asserts that the plaintiff was to blame for the occurrence in question, and that in its opinion he was not entitled to recover. This opinion may have been held by the company in good faith from the reports which it had from its agent, and others, and it could not be said, as a matter of law, that it acquiesced in the act of its agent by retaining him in its employment, unless it was specifically brought home to it that the servant was at fault, and it then persisted in retaining him in spite of such information, which could be held to show that it was clearly the fault of the servant.

This court in the case of *Neville v. Chicago & A. R. Co.*, 210 Ill. App. 168, says:

"While it is alleged in the declaration that the defendant company had ratified and acquiesced in the alleged wrongful conduct of the defendant Conway, there is no proof in the record to sustain this averment. The evidence shows that Conway continued in the employ of defendant after the occurrence complained of by the plaintiff, but this fact in and of itself was not sufficient to charge the defendant with knowledge of or acquiescence in whatever wrongful acts, if any, may have been committed by him."

In that case the facts showed that one Conway, employed by the defendant company as a watchman, had assaulted the plaintiff, and the suit was brought against the Chicago & Alton Railroad Company and Conway, jointly. After verdict it was dismissed as to Conway. From a review of the authorities in this state, we are of the opinion that the rule is well defined that the master and servant cannot be joined in an action on a case where the liability of the master is predicated solely upon the doctrine of *respondeat superior*. Either may be sued separately, but not jointly.

For the reasons given in this opinion, the judgment of the circuit court will be reversed and the cause remanded.

*Judgment reversed and remanded.*

HOLDOM, J., concurs.

MR. PRESIDING JUSTICE TAYLOR dissenting: I am not convinced that it is the law in this State that where a paying guest of a hotel company is illegally and brutally assaulted by one of its chief employees, within the confines of the hotel, the guest is not entitled to sue them both at law in one suit as joint *tort feasors*.

The hotel company is a going concern only by and through the acts of its officers and employees; and they are not only the representatives of the hotel company, but, as far as the guest is concerned, they are, it might be said, the company incarnate.

Where, as here, it is practically admitted that every blow struck was a tort committed by each, that is, the hotel company and McAlvany, why require that each should be sued in a separate action?