## Charles Johnson et al. v. Anna Magnuson.

1. MASTER AND SERVANT—*Joint Liability.*—Under section 22, chapter 110, R. S., entitled "Practice," an action lies against a master and his servant jointly, for an injury sustained by reason of the negligence of the servant while in the course of his employment.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

HALLOWELL & LASLEY, attorneys for appellants.

SULLIVAN & McARDLE and WM. P. HAYS, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellee recovered a verdict and judgment for $1,000 in an action of case brought by her against the appellants— a master and a servant—jointly, for being run over and injured by a horse and sleigh belonging to Johnson and driven by Anderson.

There was conflicting testimony whether the appellee was struck by the horse or sleigh of Johnson, or by a cutter then passing; but the verdict of the jury is final upon that question.

The point most earnestly pressed is, that the form of the action is wrong. The charge in the declaration is " that the defendants then and there so carelessly and negligently and improperly drove, governed, directed and managed said horse and sleigh," etc.

Under the old forms, the master and the servant could not be sued jointly in one action of this kind, because against the master, the action must have been in case and against the servant in trespass. 1 Ch. Pl. 121, Ed. 1828.

But even then, against the master, the negligence might be stated as that of the master, without noticing the servant, though it was usual, and the more correct form, to state the negligence as that of the master by his servant. Ibid., 341, 2 Ch. Pl. 574, Ed. 1883.

If, therefore, both of the appellants had been masters, whose servant drove, the declaration would have been proved by proving the negligence of such unmentioned servant.

Now the distinction between case and trespass has been abolished by statute. Sec. 22, Ch. 110, Practice. If both are liable, they are liable for the same act, and to the same extent for the actual damages sustained by the appellee, and as the form of action against either may be the same as against the other, the technical objection to joining them no longer exists. The old law, correctly laid down in Parsons v. Winchell, 5 Cush. 592, is not now applicable, and one of the reasons there given, viz., that after a recovery in such an action, and satisfaction of the execution by the master, he would not be entitled to reimbursement by the servant, never was the law. 4 Am. & Eng. Ency. of Law, 12.

No question is made about the amount of damages, but it is argued that " there is no evidence to show that Anderson (the servant) at the time was out on business for Johnson" (the master).

Johnson testified that he was, at the time of the accident, in the grocery business at 992 Sheffield avenue.

Anderson testified that he had an order to deliver, and described the route he was taking.

It was in express words admitted by the attorney of the appellants, on the trial, that the sleigh and horse were Johnson's, and that Anderson was his servant at the time of the accident.

It is clear that the sleigh was a grocer's delivery sleigh, and that Anderson was driving in the course of his employment and performance of his duty to Johnson.

The judgment is affirmed.