## GABLEMAN v. PEORIA, D. & E. RY. CO. et al.

(Circuit Court, D. Indiana. October 21, 1897.)

### No. 414.

1. ACTION FOR TORT OF EMPLOYE—PARTIES DEFENDANT—RECEIVER.

A railroad company is not a proper party defendant to an action for injuries caused by negligence of employés while the road is in the hands of a receiver.

2. MASTER AND SERVANT—TORT OF SERVANT—JOINT CAUSE OF ACTION.

A cause of action growing out of the negligence of a servant while engaged in his master's business is not a joint cause of action in tort against the master and servant.

3. REMOVAL OF CAUSES—RIGHT OF RECEIVER—EFFECT OF JOINDER.

A cause of action against a receiver appointed by a federal court, and one of his employés, for injuries occasioned by the negligence of such em-

ployé, is one arising under the constitution and laws of the United States; and, where the amount in controversy exceeds $2,000, the receiver may remove the case, whether such cause of action be joint or several.

Cullop & Kessenger, for plaintiff.

Gilchrist & De Bruler and J. E. Williamson, for defendants.

BAKER, District Judge.   This is an action by Louis J. Gableman, Sr., to recover damages for loss of the services of his infant son, in consequence of injuries received by him through the alleged negligence of the Peoria, Decatur & Evansville Railway Company, Edward O. Hopkins, receiver of said railway company, and George Colvin, an engineer in the employ of the receiver.   The injury occurred while the railway was in the exclusive control and management of the receiver.   The railway company is improperly joined as a party defendant.   The complaint states no cause of action against it.   It is not liable for the torts of the receiver or his employés.   High, Rec. § 396; Railroad Co. v. Hoechner, 14 C. C. A. 469, 67 Fed. 456, and cases cited.

The injury is alleged to have been occasioned by the negligence of a watchman of the receiver at a street crossing, and by that of the engineer George Colvin, who is charged with negligently running an engine under his control against and over the plaintiff's infant son. The receiver filed his petition and bond in the state court, asking for the removal of the cause into this court.   The petition sought the removal on the ground that the action against the receiver was one arising under the constitution and laws of the United States.   It is made to appear by the averments of the complaint that the receiver was appointed as such by the decree of the circuit court of the United States for the Southern district of Illinois, and judgment is asked against him as such receiver for the alleged wrongful acts of his servants.   The plaintiff now moves to remand.   His motion must be denied.   It is settled that an action against a receiver, as sole defendant, for a tort committed by him or his employés in the performance of the duties of his office, arises under the constitution and laws of the United States, and that he has the right to remove such cause of action from a state court into a court of the United States if the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $2,000.   This is established by the case of Railroad Co. v. Cox, 145 U. S. 593, 603, 12 Sup. Ct. 905, 908.   The ground of this ruling is thus stated by the chief justice, who delivered the opinion of the court:

"As jurisdiction without leave is maintainable through the act of congress, and as the receivers became such by reason of, and derived their authority from, and operated the road in obedience to, the orders of the circuit court in the exercise of its judicial powers, we hold that jurisdiction existed because the suit was one arising under the constitution and laws of the United States; and this is in harmony with previous decisions. Buck v. Colbath, 3 Wall. 334; Feibelman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289; Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677."

See, also, Tennessee v. Union & Planters' Bank, 152 U. S. 454, on page 463, 14 Sup. Ct. 654.

The cases cited and relied on by counsel for the plaintiff as establishing a contrary doctrine do not support his contention.   The case

of Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, holds that under the acts of March 3, 1887 (chapter 373), and August 13, 1888 (chapter 866), a case not depending on the citizenship of the parties, nor otherwise specially provided for, cannot be removed from a state court into a circuit court of the United States, as one arising under the constitution and laws of the United States, unless that appears by the plaintiff's statement of his own case; and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings. The case of Railway Co. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728, recognizes the same doctrine, but holds that the case made by the plaintiff's own showing was one arising under an act of congress, and that the circuit court of the United States clearly had jurisdiction. Other cases cited by counsel for the plaintiff are equally inapplicable.

The case here made by the plaintiff's own showing is one arising under the constitution and laws of the United States. As the present suit is one against a receiver appointed by a circuit court of the United States, and could only be brought, as it was, in a state court, without leave, by virtue of the acts of congress of March 3, 1887 (chapter 373), and August 13, 1888 (chapter 866), it is clearly one arising under the constitution and laws of the United States, and hence is removable unless the joinder of George Colvin as a party defendant precludes the receiver from asserting his right of removal. The complaint does not state a joint cause of action in tort against the receiver and the engineer. The liability of the engineer arises from his own wrongful act in running his engine against and over the plaintiff's son, while that of the receiver grows out of the master's liability for the negligent or tortious acts of his servant when engaged about the master's business. Warax v. Railway Co., 72 Fed. 637. But, if the cause of action against the receiver and his engineer were joint, it would make no difference in the receiver's right of removal. No liability can be asserted against the receiver for misfeasance or nonfeasance in performing the duties of his office, except under and by virtue of the constitution and laws of the United States. The joint liability asserted in the complaint against the receiver and his engineer is one arising from and growing out of the operations of the receivership, and hence is one arising under the constitution and laws of the United States, under and in virtue of which the receivership was created and exists. Landers v. Felton, 73 Fed. 311. The motion to remand is overruled.