## REED et al. v. NORTHERN PAC. RY. CO. et al.

### (Circuit Court, D. Minnesota. May 7, 1898.)

REMOVAL OF CAUSES—FEDERAL QUESTION—LIABILITY ASSUMED BY DEFENDANT FROM NATIONAL CORPORATION.

> A corporation purchasing a railroad at foreclosure sale in a federal court, and assuming as part of the consideration all liabilities incurred by the receivers of that court in their management, is not entitled to remove a suit to enforce such a liability, on the ground that it involves a federal question, because the receivers, if sued, could have removed the suit on that ground.

This is an action brought in a state court by Lathrop E. Reed and others, partners as Reed & Sherwood, against the Northern Pacific Railway Company and others. Defendant Reed removed the cause to this court, and it is now heard on a motion to remand.

D. F. Morgan, for plaintiffs.

C. W. Bunn, for defendants.

LOCHREN, District Judge. This action was commenced in the state district court, Anoka county, to recover of the defendant railway companies the value of a large quantity of lumber alleged to have been burned in plaintiffs' lumber yards in July, 1894, by fire negligently dropped or scattered from the locomotives of the Northern Pacific Railroad Company and the Great Northern Railway Company while passing the said yards. The Great Northern Railway Company is a Minnesota corporation, and the Northern Pacific Railroad Company was a federal corporation, organized under acts of congress, and at the time of the said fire its railroad and property was in the possession of and operated by receivers appointed by this court, and under decree in the same action in which said receivers were appointed the said railroad and property were sold to the defendant the Northern Pacific Railway Company, which is a Wisconsin corporation, and which by the terms of the sale became obligated to pay, as part of the consideration for its purchase, any liabilities contracted or incurred by the receivers before the delivery of the possession to it of the railroad property. The action was removed to this court upon the petition of the two railroad companies, defendants, upon the alleged ground that it is a suit "arising under the constitution or laws of the United States." The plaintiffs now move for an order remanding the cause to the state court, claiming that it is not such a suit.

Had the suit been brought against the receivers while they remained in the discharge of their functions, it would have been such a suit; as the corporation represented by them existed and derived its rights and powers from the laws of the United States, and the right to sue the receivers so appointed rested on the same laws. Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Landers v. Felton, 73 Fed. 311; Cableman v. Railway Co., 82 Fed. 790. But the defendant the Northern Pacific Railway Company does not represent the Northern Pacific Railroad Company nor the receivers. It is liable, if at all, by virtue of the terms of its contract of purchase, by which it assumed the then pending indebtedness and liabilities of the receivers. If the Northern

86 F.—52

Pacific Railroad Company had taken possession of a tract of land as owner, and one claiming better title had brought ejectment against that corporation in the state court, it might (if the value was sufficient) have removed the action to the federal court on the ground stated. But if the present Northern Pacific Railway Company, having received possession of the said land under its purchase aforesaid, were sued in ejectment for the recovery of the land, it could not remove the case on the ground stated into this court, merely because its title came from the other corporation. Neither do I think this cause can be so removed by the present Wisconsin corporation merely because it has assumed, as is claimed by the plaintiffs, a liability which once rested on said receivers.

The motion is granted, and it is directed that the cause be remanded to the state court from which it was removed.