[Civ. No. 1269.  Second Appellate District.—April 3, 1913.]

FRANCES C. ROGERS, Respondent, v. N. J. PONET, Defendant; NEVADA IRWIN, Defendant and Appellant.

MASTER AND SERVANT—EXISTENCE OF RELATION—INJURY TO EMPLOYEE BY FALLING OF ELEVATOR.—In this action for personal injuries sustained by the plaintiff through the falling of a passenger elevator in an apartment house, the evidence shows that the plaintiff was an employee, rather than a partner of the defendant in the management of the house, and hence that the defendant owed the plaintiff the duty to furnish a safe place and safe appliances.

ID.—JOINDER OF DEFENDANTS IN ACTION EX DELICTO.—The rule that in an action of tort all persons concerned in the commission of the wrong may be joined, or any of them may be sued severally, applies

21 Cal. App.—37

to acts of copartners performed in the transaction of the business of the partnership, and applies as well where the relation of master and servant exists.

ID.—MISCONDUCT OF COUNSEL IN ARGUMENT—WHEN NOT PREJUDICAL.— Alleged misconduct of counsel for the respondent in referring, during his argument, to the absence of certain witnesses who, it was assumed, might have testified to the condition of the elevator immediately prior to the accident, will not be considered prejudicial to the appellant, if, for lack of assignment of error in that regard, the evidence will be deemed sufficient to support the charge of negligence against the defendant.

ID.—APPEAL—QUESTIONS NOT ARGUED IN BRIEFS.—Questions as to the admission or rejection of evidence, if not argued in the briefs, call for no attention on appeal.

ID.—SAFE PLACE AND APPLIANCES—CONTINUOUS DUTY TO FURNISH.—An employer owes a continuous duty to exercise ordinary care to furnish his employees a reasonably safe place to work and reasonably safe appliances.

ID.—INSPECTION OF APPLIANCES—DUTY TO MAKE.—An employer owes the duty to exercise reasonable care to inspect appliances furnished for the use of employees.

ID.—NOTICE OF CONDITION OF ELEVATOR—INSTRUCTIONS.—Instructions requested by the defendant as to plaintiff's knowledge of the condition of the elevator, are properly refused when their substance is fairly stated in other instructions given by the court.

ID.—ASSUMPTION OF RISK BY EMPLOYEE—INSTRUCTIONS.—An employee assumes all the ordinary risks of his employment, and if he willfully encounters dangers that are known to him, or are notorious, the master is not responsible. But the refusal of the court to give an instruction in such terms is not reversible error, if the court had already given to the jury the substance of the code provisions which declare when an employee may recover, notwithstanding his knowledge of defective or unsafe conditions of machinery, structures, appliances, etc.

ID.—DEFECTIVE ELEVATOR—REALIZATION OF RISK.—Where an employee is injured by the falling of an elevator in an apartment house, and the testimony shows that he knew that the elevator did not work well and that the cable was worn, but that he was not informed that it was unsafe, it becomes a question of fact to be settled by the jury as to whether or not he comprehended and realized the risk he was running in making use of the elevator.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Samuel Rosenheim, and M. E. C. Munday, for Appellant.

Morton, Hollzer & Morton, and Lee Riddle, for Respondent.

JAMES, J.—Plaintiff brought this action to recover damages for personal injuries alleged to have been sustained by her through the falling of a passenger elevator in an apartment house. At the time of the accident plaintiff was employed in the apartment house as assistant manager and clerk, and was engaged in the performance of her duties as such when she sustained the injuries complained of. The owners of the building were joined as parties defendant, but a finding was made in their favor at the trial, and judgment was rendered against appellant Irwin, who was the lessee and in the active control and management of the apartment house. This appeal is taken from that judgment and from an order denying appellant's motion for a new trial.

Issue was raised as to the plaintiff occupying the relation of servant toward defendant Irwin, it being denied by the allegations of the answer that plaintiff at any time or at all was or had been defendant Irwin's employee, and in the answer it was then affirmatively alleged that the plaintiff was a copartner of said defendant in the management and control of the apartment house. It is contended by appellant that the evidence showed that she was not the employer of the plaintiff, and therefore she did not owe her the duty to provide a safe place in which, or appliances with which, to perform her work. It was shown in evidence that at the time plaintiff took up her work at the apartment house she did so under the terms of an agreement entered into between defendant Irwin and one Archer. This agreement provided that, in consideration of the payment to defendant Irwin of one thousand five hundred dollars, she, Irwin, sold and transferred to Archer an undivided one-twelfth interest in and to her equity in the furniture, furnishings, lease, and goodwill of the apartment house. The agreement then recited that, as a part of the consideration thereof, Archer or any person whom he might appoint or designate to serve in his place and stead, should be

employed as assistant manager and clerk of the house at a monthly salary of sixty dollars, and in addition thereto be accorded the use and possession of an apartment for living purposes. The agreement contained a further condition that all existing debts, current and running expenses of the house should be borne by the defendant Irwin, and that Archer should in no wise be responsible for the same. Other conditions were recited therein covering the contingency of a sale of the house and business, which gave to defendant Irwin the right to sell the entire business upon making a certain designated settlement with Archer. From the evidence it would appear that defendant Irwin, desiring to secure the one thousand five hundred dollars for use in her business, agreed to furnish employment to the investor, or a person to be designated by him, and in addition to pay one-twelfth of the net profits of the business in return for the use of the money. The whole trend of the evidence tends toward sustaining this conclusion, and if such was the intention of the parties the result would not have been to establish a copartnership. In many of its essential features the contract between appellant and Archer was not unlike that considered in the case of *Stone* v. *Bancroft,* 112 Cal. 652, [44 Pac. 1069], which was held to be a contract of employment and not one of copartnership. The decision in the case of *Smith* v. *Schultz,* 89 Cal. 534, [26 Pac. 1085], is also in point. However, for the purposes of this decision, it may be conceded, as contended for by appellant, that the relationship of copartners was established by the contract which appellant made with Archer, and that evidence to establish that fact was properly admissible under the pleadings. In that event plaintiff became the employee of the copartnership, with appellant Irwin as the managing member of the firm in the active control and direction of the business. No question at all is raised by the evidence but that appellant Irwin possessed the superior right to control and manage the house and its servants, including plaintiff; she resided in the house and superintended the general operation and management thereof. The plaintiff, while employed as assistant manager, was subject altogether to the control of appellant and was not possessed of any authority except that delegated to her by appellant, so far as all of the evidence shows. These conditions existing, a case

is then presented where, under an employment by a copart-
nership owing a duty to provide a safe place and appliances
for the benefit of its servant, through the negligence of the
copartner in active management of the business, injury is
caused to the servant, who then seeks to recover by suing one
of the copartners only. Can an action so brought be main-
tained? It is a rule relating to the prosecution of actions
for causes *ex delicto* that all persons concerned in the com-
mission of the tort may be joined as defendants, or that either
or any of them may be sued severally. This rule applies
to acts of copartners performed in the transaction of the busi-
ness of the partnership and applies as well where the rela-
tion of master and servant exists. Mr. Bailey in his work on
Personal Injuries, at page 2173, makes this statement of the
law: "The rules relating to proper and necessary parties in
actions for personal injuries caused by negligence apply where
the parties are employer and employee the same as if the
action was by one having no contract relations with defendant.
The action is one *ex delicto*, notwithstanding the duty vio-
lated by the master is one imposed by the contract of employ-
ment. The general rule is that where the negligence was
that of another servant, plaintiff may join as defendants the
employer and the negligent servant; and it makes no differ-
ence that the liability of the master is imposed by statute,
while the liability of the negligent servant is imposed by com-
mon law." Supplementary to this expression may be quoted
section 471 of Bates's Law of Partnership, which reads as fol-
lows: "The liability of partners for the tort of one member
of the firm, or for the tort of a servant is, as in all cases of
tort, joint and several. This is not a violation of the rule that
a partner is the agent of all and not of each, but rests on the
usual doctrine of torts that joint principals are jointly and
severally liable for torts. Hence, the action may be against
all the partners, or against one, or against some of them
less than all." To the same effect is Parsons on Partnership,
at page 125: "It is to be observed that, although all the part-
ners may be liable for a tort, and all may be sued jointly,
they may also be sued severally; for, in law, all torts, however
joint, and whether constructive or actual, are several. It is,
therefore, no answer for a defendant sued in tort to say that
others were guilty with him."

No error is assigned among the specifications attached to the statement used on the hearing of the motion for a new trial because of any alleged insufficiency of the evidence to show negligence on the part of appellant; therefore, a consideration of the further points urged must be had with the assumption in mind that the evidence fully supports the verdict as to that proposition.

The argument directed to the point that counsel for respondent were guilty of prejudicial misconduct is given no weight because the alleged misconduct consisted in a reference during the argument to the absence of certain witnesses who it was assumed, if present, might have testified as to the condition of - the elevator and its attachments immediately prior to the accident. Bearing in mind that for lack of assignment of error in that regard the evidence will be deemed sufficient to support the charge of negligence made against appellant, then the alleged misconduct, if it might be properly considered as such, could not have been prejudicial to the interests of appellant.

Among the errors claimed are certain rulings of the trial court made as to the admission and rejection of testimony, but as these questions are not argued in the briefs of counsel they call for no attention here. There remain for consideration, then, the questions as to alleged error committed in the giving and refusing to give certain instructions to the jury; and further, the questions as to whether the risk of the injuries suffered by plaintiff was one which she assumed by reason of her employment as a servant of appellant, and whether plaintiff herself was guilty of any negligence which contributed to produce her injuries. . It was the duty of appellant to furnish her employee, exercising ordinary care to that end, a reasonably safe place in which and reasonably safe appliances with which, or by the aid of which, the employee might perform her work; this duty was a continuing one and required not only that the place and instrumentalities upon or within which or with the aid of which the work was to be performed should have been provided with reasonable care in the first instance, but reasonable care was required to be exercised in the inspection of the same and the keeping of them in a reasonably safe condition. It is immaterial whether the elevator be deemed a place where plaintiff was

required to perform some of her duties, or an appliance which she was called upon to use in the course of her employment. The risk of suffering injury by reason of the defective elevator very clearly was not one which was assumed by plaintiff as the result of her employment. Section 1971 of the Civil Code provides that: "An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care." Section 1970 of the same code provides in part as follows: "Knowledge by an employee injured of the defective or unsafe character or condition of any machinery, ways, appliances or structures of such employer shall not be a bar to recovery for any injury or death caused thereby, unless it shall also appear that such employee fully understood, comprehended and appreciated the dangers incident to the use of such defective machinery, ways, appliances or structures, and thereafter consented to use the same, or continued in the use thereof." The court in its instructions to the jury stated this law in substance and gave very complete and full instructions as to the relative duties and obligations assumed by the employer and employee. One instruction offered by the defendant and refused, because of which ruling error is assigned, merely made in a negative way a statement of the statutory provisions of the code which had already been dealt with sufficiently in the instructions as given. Instructions offered by the defendant to the effect that if plaintiff had been informed by the city inspector of elevators prior to the accident that the elevator was in an unsafe condition and that it had not been repaired at the time of the accident, she could not recover, and that if she knew of the dangerous condition of the elevator at the time she entered it no recovery could be allowed, were properly refused for the reason that other instructions given by the court fairly stated the law affecting those matters to the jury. Defendant offered an instruction in terms as follows: "An employee assumes all the ordinary risks of his employment, and if he willfully encounters dangers that are known to him, or are notorious, the master is not responsible." This instruction made a correct statement of the law and perhaps would, if given, have furnished to the jury a clearer definition of conditions under which the servant should not be allowed to recover. However, in view of the fact that the court had already given to the jury the substance

of the code provisions which declare when an employee may recover, notwithstanding his knowledge of defective or unsafe conditions of machinery, structures, appliances, etc., it cannot be said that as a matter of reasonable inference the jury were misled or did not properly understand instructions given them. Several other instructions offered by defendant and refused could only have had the effect of emphasizing certain features of the general charge delivered by the court to the jury. It does not appear that prejudicial error was committed in either the giving or the refusing of the instructions.

It is very earnestly contended on the part of appellant that as plaintiff had been employed in the apartment house for more than a year and during that time had had constant and continuing knowledge of the fact that the elevator became frequently in disrepair, she necessarily must be charged with knowledge of its dangerous condition, and that for this reason the evidence is insufficient to support the verdict. The answer to this contention is that the elevator had not during the time that plaintiff was employed by appellant exhibited a condition known to be dangerous; it had never fallen as it did at the time plaintiff was injured, and the latter testified that it did not work well, that she knew that the cable was worn, but that she did not know that the elevator was dangerous to operate. The official inspector of elevators did not apprise plaintiff of the fact that the elevator might not be run safely, although he pointed out certain defects in it, including a worn condition of the cable which lifted and lowered it. Under the testimony it became a question of fact to be settled by the jury as to whether or not plaintiff, having knowledge of the defects in the elevator, comprehended and realized the risk that she was running in making use of it.

There is presented no further question for consideration, and for the reasons given it follows that the judgment and order must be affirmed.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1913.