## L. J. Bartlett, Appellee, v. Earl Sullivan and John Sullivan, Appellants.

### Gen. No. 30,714.

1. MASTER AND SERVANT—*joint and several liability of master and servant.* Where the liability of an owner of an automobile for injuries due to the negligent operation thereof by his servant is predicated solely upon the doctrine *respondeat superior*, a judgment against them jointly cannot stand, unless the evidence shows that the act complained of was directed or adopted by the master.

2. MASTER AND SERVANT—*sufficiency of evidence to show adoption by master of alleged negligent act of servant.* Evidence in an action for injury by an automobile driven by a servant, the master not being present, held not to show that the master, after the fact, assumed responsibility for the alleged negligence of the servant.

Appeal by defendants from the Municipal Court of Chicago; the Hon. DAVID A. HEBEL, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed July 13, 1926.

ORVILLE D. STUART and EDMOND W. POTTLE, for appellants.

GARRETT, McKENNA & HARRIS, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

In a fourth-class tort action commenced in the municipal court of Chicago for damage to plaintiff's automobile, occasioned by another automobile, owned by John Sullivan and driven by Earl Sullivan, running into it on October 18, 1924, on the Dixie Highway, near Beecher, in Will County, Illinois, there was a finding and judgment for $482.30 against the defendants jointly, and they appealed.

It is alleged in plaintiff's statement of claim in substance that his automobile at the time and place men-

tioned was standing still, facing south, on the right-hand side of the highway, with its left wheels a few feet west of the pavement; that the defendant, John Sullivan, "through his agent or servant, one Earl Sullivan," so negligently drove and operated his automobile in a southerly direction along and upon said highway that, in consequence thereof, it ran into plaintiff's automobile, thereby greatly damaging the same, etc.

We deem it unnecessary to discuss the evidence or the happenings upon the trial, further than to say that the evidence disclosed that John Sullivan was not in his automobile at the time and did not direct the alleged negligent acts of Earl Sullivan, his servant, and that before the finding and judgment were entered against both defendants they moved for a directed verdict in their favor upon the ground that it appeared that the plaintiff had "joined master and servant and there is no theory of the law under which a recovery can be had against both," which motion the court denied.

The main contention of defendants' counsel in this Appellate Court is, that the judgment against both defendants cannot stand, and for the reason that a master and servant are not jointly liable for the tort of the servant unless such tort is committed in the presence of the master or by his direction. Under the decided weight of authority, we are of the opinion that the present judgment against both defendants must be reversed and the cause remanded to the trial court, and plaintiff there be allowed to dismiss his action as to such defendant as he may elect, and make proper amendments.

The question arose and was elaborately discussed in the case of *Warax v. Cincinnati, N. O. & T. P. Ry. Co.,* 72 Fed. 637, where an action had been brought by a party injured, by reason of the alleged negligence of a locomotive engineer, against the railroad company and

the engineer jointly. The *syllabus,* fully sustained by the opinion, says (p. 638) : "When a master is made liable for the negligent or wrongful act of his servant solely upon the ground of the relationship between them, under the doctrine of *respondeat superior,* and not by reason of any personal share in the negligent or wrongful act, by his presence or express direction, he is liable severally only and not jointly with the servant." The writer of the opinion, Circuit Judge Taft, after stating (p. 641) that the question was one upon which the authorities did not agree, reviewed a number of cases, and finally reached the conclusions (p. 647) : "On principle, we have no hesitation in taking the view so logically upheld by the Massachusetts courts, and in deciding that a suit against a principal and the agent, by the mere negligence of the agent, in the absence of the principal, is a misjoinder, and that the causes of action are not joint, but several. * * *  The engineer in this case was improperly joined as a defendant with the railway company."

The question has several times been before the Appellate Courts of this State. In *Johnson v. Magnuson,* 68 Ill. App. 448, it appears that plaintiff in the trial court had recovered a verdict and judgment in an action of case brought by her against two defendants jointly, Johnson and Anderson, for being run over and injured by a horse and sleigh, owned by Johnson and driven by Anderson, the former's servant. The judgment was affirmed. This decision was not followed by a majority of the court in *Herman Berghoff Brewing Co. v. Przbylski,* 82 Ill. App. 361. In the last-named case it appears that a small boy, playing in a street, was run over by a team and wagon, owned by the Brewing Company and driven by one Loseniecki, servant of the Brewing Company. Suit was brought to recover damages for the boy's injuries against the Brewing Company and Loseniecki and a verdict and judgment were rendered against them jointly. The

judgment was reversed and the cause remanded on the sole ground that the defendants were not *jointly* liable for the injuries sustained by the boy. In the opinion, after making an exhaustive review of the authorities, it is said in conclusion (p. 374): "A judgment cannot be sustained against the master and servant jointly in a case where the master is liable only upon the doctrine of *respondeat superior*. The act of a servant is not the act of the master unless the act complained of is directed or adopted by the master." This *Przbylski* case has been cited with approval in *McNemar v. Cohn*, 115 Ill. App. 31, 36, and in *Scherrer v. Foster*, 5 Fed. (2d) 236, 237. The *Warax* case, *supra*, has been cited with approval in several cases decided by United States courts, among which may be mentioned: *Gableman v. Peoria, D. & E. Ry. Co.*, 82 Fed. 790, 792; *Helms v. Northern Pac. Ry. Co.*, 120 Fed. 389, 394.

Counsel for plaintiff in his printed brief directs our attention to the sentence in the opinion in the *Przbylski* case, *supra*, viz.: "The act of a servant is not the act of the master unless the act complained of is *directed or adopted* by the master." He then states that the evidence in the present case shows that "John Sullivan assumed the responsibility for the acts of Earl Sullivan," and refers to a portion of the testimony of plaintiff, wherein he testified that on the day following the accident he telephoned John Sullivan, and that the latter said that "his son had explained the accident * * * and *his son* accepted responsibility for it entirely." Even assuming this testimony to be competent, it does not show that John Sullivan "assumed" or accepted any responsibility for the acts of Earl Sullivan.

In view of the foregoing, it is unnecessary for us to discuss the other ground urged by defendants' counsel for a reversal of the judgment, viz., that plaintiff did not prove by competent evidence his damages.

The judgment of the municipal court is reversed and the cause remanded.

*Reversed and remanded.*

FITCH and BARNES, JJ., concur.