Frank Barran, Jr., by Frank Barran, Sr., Defendant in Error, v. Stanley Adanick and John Pawlareczgk, Plaintiffs in Error.

Gen. No. 32,951.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed February 11, 1929.

A. M. Mysogland and Charles W. Lamborn, for Stanley Adanick, plaintiff in error.

A. H. Brown, for defendant in error; A. J. W. Appell, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

By this writ of error the defendant Stanley Adanick seeks to reverse a judgment of $1,200 rendered against him and his chauffeur in a personal injury case.

It appears from the record that the defendant John Pawlareczgk was the agent or servant of Stanley Adanick and while driving Adanick's automobile in Chicago so negligently operated the car as to strike and injure the plaintiff.

The question for decision is: May a joint action be maintained against the master and his servant where the master's liability is founded upon the doctrine of *respondeat superior?*

The authorities show that the question is in great confusion in this and other States as well as the Fed-

eral courts. The question has not been squarely passed upon by the Supreme Court of this State and the decisions of the Appellate Courts are in direct conflict.

The first opinion on this question in this court was written by Judge Gary in 1897—*Johnson v. Magnuson,* 68 Ill. App. 448—where it was held that an action would lie against a master and his servant jointly for injuries sustained by reason of the negligence of the servant while in the course of his employment, while in the case of *Herman Berghoff Brewing Co. v. Przbylski,* 82 Ill. App. 361, a contrary conclusion was reached. It was there held that a judgment against a master and his servant could not be sustained where the liability of the master rested on the doctrine of *respondeat superior.* One of the three judges in the latter case dissented and said that he thought that the *Johnson* case, *supra,* had been decided correctly. In the *Herman Berghoff Brewing Co.* case, a number of authorities from other jurisdictions are cited, chief reliance being placed upon the case of *Warax v. Cincinnati, N. O. & T. P. Ry. Co.,* 72 Fed. 637, and *Gableman v. Peoria, D. & E. Ry. Co.,* 82 Fed. 790. This court in two recent cases followed the *Berghoff* case—(*Bartlett v. Sullivan,* 241 Ill. App. 410; and *Buckley v. Edgewater Beach Hotel Co.,* 247 Ill. App. 239), one of the three judges in the latter case dissenting. There is a strong intimation in *Van Meter v. Gurney,* 240 Ill. App. 165, that a joint action would lie against a master and his servant where the liability of the master is based on the doctrine of *respondeat superior.* There is an elaborate review of authorities in that case but the point was not squarely passed upon, the decision turning on other considerations.

In volume 2, Shearman & Redfield on Negligence (6th Ed.), sec. 248, published in 1913, the rule is stated as follows:

"Wherever a master can be held responsible for the tortious negligence of his servant, the two are gen-

erally held jointly as well as severally liable (citing numerous authorities). . . . A different rule prevails in Massachusetts, and probably in Maine."

In 39 C. J. 1314, it is said:

"There is much conflict of authority as to whether a master and servant can be sued jointly where the liability of the master is based not on a participation by him in the servant's tort, but solely on the doctrine of respondeat superior. In some jurisdictions, where the master's liability for the negligent or wrongful act of the servant is based solely upon the doctrine of respondeat superior, and not by reason of any personal share in the negligent or wrongful act, by his presence or express directions, a joint action cannot be brought against them. But in most jurisdictions, where the question has arisen, a joint action against a master and his servant may be maintained for injuries resulting from the negligence or other wrongful act of the servant for which the master is liable under the doctrine of respondeat superior."

In support of this statement the author cites authorities from Alabama, California, Florida, Georgia, Indiana, Iowa, Kentucky, Louisiana, Minnesota, Montana, Nebraska, New Jersey, New York, North Carolina, North Dakota, Oklahoma, South Carolina, Texas, Washington, West Virginia, Wisconsin, and a case from England. Some of these authorities will be hereinafter referred to.

In 18 R. C. L. 780, § 241, in discussing the question now under consideration, it is said:

"The decisions are in hopeless conflict as to the right of one who has sustained an injury by reason of the employee's wrongful act to maintain a joint action against employer and employee. According to some courts the employer may not be joined with the employee unless he was personally present when the wrongful act was done or expressly directed the employee to do it. These courts say that while the master is answerable for the acts or omissions of his servant

on the ground of respondeat superior, the negligence
of the servant is neither in fact nor in legal intendment
the joint act of the master and the servant. A more
liberal view, however, is taken by a majority of the
courts, employer and employee being deemed to be
jointly liable and jointly suable for the employee's
wrongful act.''

In *Southern R. Co. v. Arnold,* 162 Ala. 570, it was
held that, in an action for damages caused by the negli-
gence of the servant, the master may be joined as a
party defendant with the servant. The doctrine an-
nounced in that case was adhered to in the case of
*Central of Georgia Ry. Co. v. Carlock,* 196 Ala. 659,
where it is said (p. 661):

''Where the tortious conduct or omission relied on
for a recovery is alone the result of negligence in the
performance of duty on the part of an agent or servant,
the principal or master and the derelict agent or serv-
ant may be joined as defendants in a single count.''

In *Rogers v. Ponet,* 21 Cal. App. 577, the court quoted
with approval from Mr. Bailey in his work on Personal
Injuries as follows (p. 581):

''The general rule is that, where the negligence was
that of another servant, plaintiff may join as defend-
ants the employer and the negligent servant; and it
makes no difference that the liability of the master is
imposed by statute, while the liability of the negli-
gent servant is imposed by common law.''

The Supreme Court of Florida in *Stinson v. Prevatt,*
84 Fla. 416, held that when the liability of a principal
and his agent for a tort grows out of an injury caused
by the agent's wrongful act committed in his capacity
as agent, a joint action against the principal and the
agent may be maintained.

In *Southern R. Co. v. Grizzle,* 124 Ga. 735, 739, the
court said:

''The engineer may be sued, and the railway com-
pany is also liable to suit, on account of his conduct.

Can the engineer and the railway company be jointly sued, when the sole ground of the liability of the railway company is the act of the engineer himself? While the case of *Central Railway Company v. Brown,* 113 Ga. 414, 38 S. E. 989, 84 Am. St. Rep. 250, is not identical with this case in its facts, it is controlling in principle. In that case the railway company and a passenger were sued jointly for an assault upon another passenger, in which the conductor took part. The liability of the railway company resulted solely from the act of the conductor. It was held that the railway company and the passenger who participated with the conductor in the assault could be jointly sued. It is unnecessary to add anything to the reasoning in that case. It is conclusive upon the question now before us.''

This rule was adhered to in *Southern R. Co. v. Harbin,* 135 Ga. 122, where after disposing of this question, the court said further (p. 125):

''The primary liability to answer for such an act, therefore, rests upon the employé and, when the employer is compelled to answer in damages therefor, he can recover over against the employé. *Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola,* 134 N. Y. 461; . . . 1 Shear. & Redf. Neg. (5th Ed.) § 242.''

In *Wright v. Compton,* 53 Ind. 337, it was held that where a person was injured as a result of the carelessness of a servant while in the performance of his master's business, the master and servant were both liable and may be joined as defendants in an action to recover the damages sustained.

The Supreme Court of Iowa in *Dunshee v. Standard Oil Co.,* 165 Iowa 625, 630, said:

''That the master is liable for the consequences of a tort committed by the servant in the course of his duty, and while acting within the scope of his employment, is a rule established by many authorities. . . .

And when a tort has been committed by an agent within the line of his employment, a joint action may be maintained against the principal and the agent.''

The same rule is announced in *Illinois Cent. R. Co. v. Houchins,* 121 Ky. 526, where it is said (p. 531):

"It is settled that under the law of Kentucky Williams and the railroad were jointly liable to Houchins for his injury, and might be sued jointly or severally.''

In that case a mail clerk was injured through the negligence of a locomotive engineer, and it was held that the engineer and his employer, the railroad company, might be sued jointly or severally.

In *Mayberry v. Northern Pac. Ry. Co.,* 100 Minn. 79, it was held that a joint action would lie against the master and his servant when based upon the negligent act of the servant. There the court said (p. 82):

"We have no statute in this state fixing any rule upon the subject of the joinder of parties defendant in actions in tort. . . . We must, therefore, refer to the rules of the common law. . . . An examination of the books discloses an irreconcilable conflict in the decisions upon the question. It is held by some courts that separate persons, acting independently, but causing together a single injury, are joint tort-feasors, and may be sued either jointly or severally. . . . We do not feel called upon, however, to analyze the cases on this subject, for the purpose of evolving a rule applicable to tort actions in general; for the weight of authority sustains the right of an injured party to join in the same action parties bearing the relation to each other of the defendants in this case, namely, master and servant, the right of action springing from the wrongful act of the servant for which the master is responsible. The authorities even upon this branch of the subject are by no means harmonious, but the weight of reason sustains the right of joinder. . . .

"No substantial reason can be given for requiring separate actions in such cases. On the contrary, the

orderly administration of justice will be conserved by permitting the joinder. Both parties are liable for the consequences of the negligent acts of the servant, and one action and one recovery will terminate the litigation and avoid the necessity of separate trials of the same issue. . . . One of the principal reasons assigned by those courts which hold such a joinder improper is that the right of contribution is lost and cannot be resorted to by one against the other codefendant. This reason as applied in cases of this kind, is unsound. There is, it is true, a general rule that the right of contribution does not exist as between joint tort-feasors; . . . Where there is no concert of action in the commission of the wrong, the rule does not apply. In such cases the parties are not in pari delicto as to each other, and as between themselves their rights may be adjusted in accordance with the principles of law applicable to the relation in fact existing between them."

The Supreme Court of Montana in *Knuckey v. Butte Electric R. Co.*, 41 Mont. 314, held that a master and his servant may be joined in an action for personal injuries which resulted from the negligence of the servant, the master being liable under the doctrine of *respondeat superior*.

In *Whalen v. Pennsylvania R. Co.*, 73 N. J. L. 192, it was held that where a person was injured by the negligence of a servant of another who was acting in the line of his employment, he might maintain an action against the master and servant jointly or he might proceed separately against either. The court there said (p. 194):

"So far as this court is concerned, the rule is settled that, where an injury is caused by the negligence of an agent acting in the line of his employment, the action may be joined against such agent, and his principal, or may be separate against either."

In *Phelps v. Wait*, 30 N. Y. 78, it was held that a principal and his agent may be jointly sued for the negligence of the agent, where the negligence of the agent resulted in injury to the plaintiff, the agent acting in the line of his employment. The court there said (p. 79):

"The question was carefully considered by the Supreme Court in the leading case of *Wright v. Wilcox*, 19 Wend. 343, and has since been followed in several other cases. *Montfort v. Hughes*, 3 E. D. Smith 591; *Suydam v. Moore*, 8 Barb. 358; *Hewett v. Swift*, 3 Allen 570."

In *Schumpert v. Southern Ry.*, 65 S. C. 332, it was held that a master and a servant were jointly liable for the tort of the servant committed within the scope of his authority. In the course of the opinion the court there referred to the case of *Parsons v. Winchell*, 5 Cush. (Mass.) 592, which held to the contrary, and in discussing that case the South Carolina court said (p. 336):

"The principal reason assigned for this view (referring to the *Parsons* case) is that, if master and servant were made jointly liable, the master could not call on the servant for contribution in case he should satisfy the execution."

But it was there held that that reasoning was unsound, the court referring to Cooley on Torts, where the general rule, that there was no contribution between joint tort-feasors, was stated and continuing the opinion quoted from Mr. Cooley (pp. 144–145) as follows:

"But there are some exceptions to the general rule, which rest upon reasons at least as forcible as those which support the rule itself. They are of cases where, although the law holds all the parties liable as wrongdoers to the injured party, yet as between themselves some of them may not be wrongdoers at all, and their equity to require the other to respond for all the damages may be complete. There are many such cases

where the wrongs are unintentional, or where the party, by reason of some relation, is made chargeable with the conduct of others." "

And the court further said: "Furthermore, the reason assigned in the Massachusetts case that the act of the servant is not the act of the master, even in legal intendment or effect, unless the master directs or adopts it, is not consistent with the liability of the master for the acts of the servant, as held in this state. . . . The servant is liable because of his own misfeasance or wrongful act in breach of his duty to so use that which he controlled as not to injure another. The master is liable because he acts by his servant, and is, therefore, bound to see that no one suffers legal injury through the servant's wrongful act done in the master's service within the scope of the agency. Both are liable jointly, because from the relation of master and servant they are united or identified in the same tortious act resulting in the same injury."

The same court in *Jenkins v. Southern Ry. Co.,* 130 S. C. 180, said (p. 184):

"It is unquestionably settled by the decisions of this court and the Supreme Court of the United States that an action against a master, upon his imputed liability for the negligence or willful act of his servant, committed within the course of his employment, and against the servant, upon his personal liability for the act, does not present a separable controversy, but that the two may be united as defendants under an allegation of joint and concurrent tort." Citing *Chesapeake & O. Ry. Co. v. Dixon,* 179 U. S. 131, and numerous other authorities.

The Supreme Court of Wisconsin in *Greenberg v. Whitcomb Lumber Co.,* 90 Wis. 225, said (p. 232):

"The complaint states but a single cause of action. It is the same cause of action against both defendants, arising from the same acts of negligence,—the master for the negligence of its servant; the servant for his

own misfeasance. Both master and servant, being liable for the same acts of negligence, may be joined as defendants. Wood, Mast. & Serv. (2d Ed. p. 667); *Wright v. Wilcox,* 19 Wend. 343; *Phelps v. Wait,* 30 N. Y. 78.''

In the *Herman Berghoff Brewing Co.* case (82 Ill. App. 361), where it was held that the master and servant could not be joined where the liability of the master was predicated upon the doctrine of *respondeat superior,* the court cited the *Gableman* case (82 Fed. 790) and quoted with approval from the opinion of Judge Baker of the Federal Court of the District of Indiana, holding that a master and servant could not be jointly sued. In that case Judge Baker followed the rule announced in the *Warax* case (72 Fed. 637), but in a later case the same Judge Baker, in *Charman v. Lake Erie & W. R. Co.,* 105 Fed. 449, after an exhaustive review of the authorities, held that a master and servant might be sued jointly for injuries resulting from the servant's negligence. He there cites a number of authorities holding that a joint action would not lie against the master and his servant, including the *Warax* case, *supra,* and continuing said (p. 452):

''In the case of *Warax v. Railway Co., supra* (72 Fed. 637), it was held that there were separable controversies in a joint suit for tort against master and servant, because the liability of the master for the negligence of the servant in his absence and without his knowledge or approval arises from the principle of public policy which requires that the master shall be held responsible for the acts of his servant done in and about the master's business, while the liability of the servant arises from his personal wrong.

''The foregoing cases seem to rest upon too narrow a view of the relation of master and servant.''

And on page 454 it is said: ''That the master and servant may be jointly sued for an injury resulting

from the servant's negligence is supported by the cases of'' (then follow more than 20 authorities).

And continuing the court said:

"Judge Cooley, in his Treatise on Torts (2d Ed. [1888] p. 164), says:

" 'The case of carriers of persons is a conspicuous instance in which the failure of a servant to observe due care may constitute a legal wrong to third parties, and render him and his master jointly responsible. In undertaking to carry, the carrier assumes the duty to carry safely, in so far as the highest vigilance will enable him to do so. A railroad company acting as such carrier employes an engineer whose duty to the company is to run the train with skill and prudence. Now, although there are no contract relations between the engineer and the person who is to be carried, yet when an individual is placed in a position of responsibility, and the property and especially the persons of others are intrusted to his prudence, his skill, and his fidelity, so that his negligence may inflict serious and perhaps irreparable injury, it is reasonable that the law should make it the right of every person thus circumstanced to demand from him a vigilance corresponding to the responsibility. And this we understand to be the rule. The negligence in such cases is that of both master and servant, and the liability, as in other cases where two or more are chargeable with a wrong, may be enforced in a suit against one or against both.' ''

In *American Bridge Co. v. Hunt,* 130 Fed. 302, the opinion was written by Judge Lurton who sat with Judge Taft, who wrote the opinion in the *Warax* case (72 Fed. 637). In discussing the question now under consideration Judge Lurton said (p. 304):

"Whether there is such legal identity of master and servant, or concert between them, as to justify a joint action when the act of negligence charged is that of the

servant alone, and the liability of the master is bottomed not upon any immediate fault of the master, but upon the liability of the latter for the negligent acts of the servant, may admit of much discussion. *Warax v. C., N. O. & T. P. Ry. Co.* (C. C.) 72 Fed. 637; . . . It must be confessed, however, that the doctrine of the common law in reference to the joinder of master and servant in one suit based alone upon the tort of the servant, as in the *Warax* Case and other cases cited above, is shaken by contrary intimations found in *Powers v. Chesapeake, etc. Ry. Co.*, 169 U. S. 92, . . . and *Chesapeake & Ohio Ry. Co. v. Dixon*, 179 U. S. 131, . . . This question, though a nice one, and not foreclosed by authoritative decision, does not necessarily arise upon this transcript.''

In *Armstrong v. Kansas City Southern Ry. Co.*, 192 Fed. 608, the district judge in considering the question before us quotes from Judge Taft's opinion in the *Warax* case and at page 611 said:

''While in the case of *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, the Supreme Court did not declare a different rule from the one in the *Warax* Case, still, it intimated strongly its disapproval of it.

''In the case of *Alabama Southern Railway Company v. Thompson*, 200 U. S. 215, 26 Sup. Ct. 163, 50 L. Ed. 441, Mr. Justice Day, delivering the opinion of the court and referring to the opinion by Mr. Justice Gray in the *Powers* Case, said:

'' 'After thus stating the rule, the justice commented on the *Warax* Case, *supra*, as a departure of the former ruling of the Circuit Court.' '' The court then commented further on the *Powers* case.

In the *Powers* case (169 U. S. 92), Powers brought an action against the railway company and its conductor, engineer and fireman to recover damages for personal injuries. The question whether this could be done under the law came before the Supreme Court

of the United States. It was pointed out that the action was not severable, the court, however, observing that a contrary rule had been announced in the *Warax* case.

In *Chesapeake & O. Ry. Co. v. Dixon,* 179 U. S. 131, an action to recover damages was brought against the railway company and certain individuals in its employ. The question arose whether the action was severable or joint. The opinion of the court was delivered by Mr. Chief Justice Fuller, who said (p. 136):

"In *Warax v. Cincinnati, N. O. & T. P. R. Co.,* 72 Fed. Rep. 637, Taft, J., held that there were separable controversies in such cases, because the liability of the master for the negligence of his servants in his absence, and without his concurrence or express direction, arises solely from the policy of the law which requires that he shall be held responsible for the acts of those he employs, done in and about his business, while the liability of the servant arises wholly from his personal act in doing the wrong."

The court then discusses American and English authorities and continuing says (p. 137):

"Whatever its sources or the principles on which it rests, the rule itself is firmly established; and many courts have held the identification of master and servant to be so complete that the liability of both may be enforced in the same action, although other courts have reached the opposite conclusion."

In *Alabama Great Southern Ry. Co. v. Thompson,* 200 U. S. 206, it was held that a railroad corporation being sued jointly with its engineer and conductor, the plaintiff seeking to hold the corporation liable only by reason of the engineer and conductor's negligence, the cause did not present a severable controversy. The opinion was written by Mr. Justice Day who said (p. 214):

"In a leading case in this court (*Chesapeake & O. R. Co. v. Dixon,* 179 U. S. 131, 45 L. ed. 121, 21 Sup. Ct. Rep. 67), many of the cases were reviewed by the Chief

Justice who delivered the opinion, and it was shown that in a number of English and American cases it has been held that, as to third persons, the master is responsible for the negligence of his servant in a joint action against both, to recover damages for an injury. In the case of *Warax v. Cincinnati, N. O. & T. P. R. Co.*, 72 Fed. 637, a case which has been much cited and sometimes followed in the Federal courts, it was held that a joint action could not be sustained against master and servant for acts done without the master's concurrence or direction, when his responsibility arises wholly from the policy of the law, which requires that he shall be held liable for the acts of those he employs in the prosecution of his business. And it was held that the petition against the engineer and the company presented a case of misjoinder, and could be removed on the application of the nonresident company.''

The court then quotes from the opinion in the *Powers* case, *supra,* and continuing said:

'' 'A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' (Citing cases.)

''After thus stating the rule, the justice commented on the *Warax* Case, 72 Fed. 637, as a departure from the former ruling of the circuit court.''

In *Cincinnati, N. O. & T. P. Ry. Co. v. Bohon,* 200 U. S. 221, it was again held that a railroad company might be sued jointly with its servants for the negligence of the latter.

In *Beal v. Chicago, B. & Q. R. Co.,* 298 Fed. 180, the court said (p. 181):

''When the only ground of negligence averred is the personal negligence of the engineer, pilot, driver, or

servant in charge of a common carrier, and when thus the liability of such carrier is bottomed solely upon the rule of *respondeat superior,* since, in such a situation, if the engineer, etc., were not guilty of negligence, and therefore liable, the carrier could not have been negligent, and could not possibly be liable, no separable controversy exists, and the case is not removable, when the carrier is sued jointly with its servant in charge, or in control of the offending vehicle or instrumentality. *Alabama, etc. Ry Co. v. Thompson,* 200 U. S. 206.''

Numerous other Federal decisions follow the *Thompson* case. Nor is this rule of law, which permits an action to be brought against the master and the servant for the negligence of the latter, of recent origin, but under the common law both were held in an action on the case. In *Michael v. Alestree,* Elvinz's Reports, Vol. II, p. 173, decided about the year 1793, the plaintiff brought an action against the master and his servant for negligence of the latter in driving a team of horses and coach into Lincoln's-Inn-Fields, the master being absent, as a result of which the plaintiff was injured, and the court there said: ''Yet the action was brought against him (the master) as well as his servant, and both found guilty.''

We might cite a number of other authorities which hold that a master and servant may be joined in an action where damages are claimed on account of the negligence of the servant, the master being held liable on the doctrine of *respondeat superior,* but we think a further reference to them is unnecessary. A great many of the decisions follow Judge Taft in the *Warax* case, 72 Fed. 637, but we think this has not been done since the decision by the Supreme Court of the United States in 200 U. S. 206, where that case has been brought to the attention of the court rendering the decision in the particular case. We think there is no substantial reason for requiring two separate actions

against the master and servant, but on the contrary the orderly administration of justice will be promoted by permitting the joinder. The only evidence that will be required to prove a case against the master, in addition to that required in a case against the servant, is evidence that the servant is on the master's business at the time of the accident. Many of the opinions of the courts holding that the master and servant cannot be joined in an action brought to recover damages for personal injuries caused by the negligence of the servant, in our opinion indulge in puzzling refinements, theorizing, and metaphysical discussions, apparently losing sight of the practical situation, which is the administration of justice between the parties. We perceive no reason why the administration of justice will not be advanced by determining the controversy in one action.

Judge Gary in delivering the opinion in the *Johnson* case, 68 Ill. App. 448, in referring to the case of *Parsons v. Winchell,* 5 Cush. (Mass.) 592, which held that a joint action could not be maintained, said (p. 449):

"And one of the reasons there (in the *Parsons* case) given, viz., that after a recovery in such an action, and satisfaction of the execution by the master, he would not be entitled to reimbursement by the servant, never was the law. 4 Am. & Eng. Ency. of Law, 12."

Judge Gary was right. *Lowell v. Boston & L. R. Corp.,* 23 Pick. (Mass.) 24; *Washington Gaslight Co. v. District of Columbia,* 161 U. S. 316; *Chicago Rys. Co. v. Conway Co.,* 219 Ill. App. 220.

We have considered the other contentions made by the defendant but find them without merit.

The judgment of the superior court of Cook county is therefore affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.