Mollie Richardson, Defendant in Error, v. E. E. Moore et al., Plaintiffs in Error.

Opinion filed September 20, 1929.

Rehearing denied.

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for plaintiffs in error.

Louis Beasley and Edward C. Zulley, for defendant in error.

Mr. Presiding Justice Barry delivered the opinion of the court.

Mollie Richardson sued to recover for personal injuries charged to have been caused by general negligence in operating an automobile in which she was riding as an invited guest of plaintiffs in error; and by negligently driving the car knowing the brakes were in a defective and dangerous condition, by reason whereof the car was driven with great force against a tree near the highway, etc. In addition to the general issue a special plea was filed by E. E. Moore to the effect that at the time in question the car was not operated by him or by his agent or servant. At the close of all the evidence plaintiffs in error moved for a directed verdict and the motion was denied  On motion of defendant in error the court instructed the jury to assess her damages. There was a verdict for $3,000 and on motion for a new trial there was a remittitur of $1,500 and judgment was entered for $1,500.

Plaintiffs in error are husband and wife and live at Mattoon. They are friends of defendant in error and her husband, who reside at Hillsboro. Mr. and Mrs. Walsh are mutual friends and their home is at East St. Louis. The Moores owned an automobile, jointly, and about May 24, 1925, drove from their home to East St. Louis where they visited Mr. and Mrs. Walsh for about one week. On May 30, Mrs. Moore and others drove to Hillsboro and brought defendant in error and her husband to the Walsh home in East St. Louis. The next day Mr. Moore asked his wife to drive defendant in error and her husband back to Hillsboro. The parties left the Walsh home at about 3 p. m. and Mrs. Moore drove the car. Mrs. Moore says that when going down a hill about two blocks out of Greenville

the car started to leave the road when it was about 50 feet from a tree that stood in a little gully about 8 or 9 feet to the right of the beaten track. She says she tried to apply the brakes but they did not work; that she had no chance to slacken her speed before the car hit the tree. There is no conflict in the evidence. Mrs. Moore admitted that two or three days before the accident she took the car to the White garage to see what was the matter with it; that Mr. White tested the brakes and told her they were in bad condition and should be adjusted and for her to come back at a certain time and he would fix them. They were not adjusted or repaired prior to the accident.

In view of the undisputed evidence there is no merit in the contention that Mrs. Richardson was injured as the result of a mere accident without negligence on the part of plaintiffs in error. It clearly appears that the injury was due to negligence in operating the car with defective brakes knowing of their condition, while defendant in error was in the exercise of due care for her own safety. In our opinion there is no basis upon which reasonable minds could disagree as to that conclusion. That being true, the court did not err in directing the jury to assess damages in favor of defendant in error.

It is argued that there is no evidence to support the verdict as against E. E. Moore and for that reason the court erred in directing the jury to assess damages against both plaintiffs in error. The legal sufficiency of the declaration to support a joint judgment against plaintiffs in error was not raised in the trial court, nor is that question presented to this court. The legal sufficiency of a declaration is not presented by a motion for a directed verdict; *Smith v. Redman,* 244 Ill. App. 434.

Mr. and Mrs. Moore were joint owners of the car, and on the day in question Mrs. Moore, at the request

of her husband, was driving defendant in error and her husband to their home in Hillsboro. In so doing she was acting as the agent or servant of her husband. We are aware of the fact that there is a conflict in the decisions, but in our opinion the better reasoning and the great weight of authority is to the effect that a master and servant may be joined in an action in which damages are claimed on account of the negligence of the servant, the master being held liable on the doctrine of respondeat superior as will be seen from an extended review of the cases in *Barran v. Adanick,* 251 Ill. App. 481. We agree with the conclusions reached by the court in that case. The court did not err in directing the jury to asses damages against both plaintiffs in error. The judgment is affirmed.

*Affirmed.*