### Gulla Harrison, Appellee, v. Arthur Bingheim, Appellant.

Opinion filed February 1, 1932.

Louis Klingel and Wm. R. Gentry, for appellant.

P. K. Johnson, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

Gulla Harrison sued to recover damages for personal injuries which she sustained in a collision between her automobile and that of appellant. The declaration, consisting of one count, charged negligence in general terms to which appellant pleaded the general issue.

At the close of all of the evidence appellant moved for a directed verdict, which was denied. On motion of appellee, the court gave a peremptory instruction to find the appellant guilty and directing the jury to assess her damages. There was a verdict for $6,000, motion for new trial denied and judgment was entered on the verdict.

On the night of September 14, 1930, at about 10:30 o'clock, appellee was driving her Ford coupe eastward along East Main street in Belleville. The street is about 44 feet wide between the curbs and there is a single street car track with rails about five feet apart in its center. The space between the rails and about one foot on the outside of each rail is paved with brick and the rest of the street is paved with concrete. Amy Jane Harrison, a niece of appellee, was riding in the seat with her. It was Sunday night and the traffic heavy. Cars were parked at the curb on both sides of the street and between the rows of parked cars there were two continuous streams of traffic, one going east and the other west. The appellee was in the line of traffic going east, following another car and about a foot or a little more south of the south rail of the street car track. It had been raining hard that evening and the street was wet and slippery and driving conditions bad. She was driving at a speed of from 15 to 20 miles an hour. At or about the same time, appellant was driving his automobile in a westerly direction on the same street, but on the

north side and about a foot from the nearest street car rail, and at a speed of about 12 to 15 miles per hour. Appellee testified that when both cars were about in the center of the block between Church and Jackson streets, appellant's car turned across the street car track and struck her car. She did not see appellant's car until it was almost immediately in front of her and about to crash with her car. Appellant testified that when he reached about the center of the block one of the cars parked along the north side of Main street suddenly and without warning pulled out from the curb. He blew his horn and applied his brakes but the car kept coming and he turned sharply to the left to avoid a collision. On direct examination appellant said the parked car started to pull out from the curb when only five feet ahead of him, but on cross-examination he stated that this other car was about 10 feet from him when he blew his horn and at least 10 or 12 feet ahead of him when it straightened out. In turning to the left he drove into the space occupied by the street car track and upon the rails; that he then first saw the headlights of appellee's car about 10 feet in front of him; that the car in front of him had in the meantime straightened out and gotten out of the way; that he then turned his front wheels to the right but after traveling about eight feet in the rails he hit some hard substance and skidded across the street car track and collided with appellee's car south of the south rail of the track. Appellee was thrown forcibly forward against the steering wheel and severely injured.

The evidence is clear and almost undisputed. There is nothing in the record to show contributory negligence on the part of appellee and no merit in the contention of appellant that Mrs. Harrison was injured as the result of a mere accident and without negligence on the part of appellant. It was the duty

of the appellant to have his car under such control as to avoid collision with cars pulling out from the curb. He was bound to anticipate that the cars parked along the curb might turn into the street. *Sullivan v. Ohlhaver Co.*, 291 Ill. 359.

It clearly appears that the injury was due to the negligent driving of appellant whereby he caused his automobile to get out of the line of westbound traffic and into that of the eastbound traffic and without due regard to the rights of other automobile drivers in the use of the street. In our opinion there is no basis upon which reasonable minds could disagree as to that conclusion and therefore the court did not err in giving the peremptory instruction. *Richardson v. Moore*, 254 Ill. App. 511.

The judgment of the circuit court will be affirmed.

*Affirmed.*