# NATHANIEL SUMMERS
*v.*
# JOHN W. STARK.

NEW TRIAL—*as to the finding from the evidence.* Where the evidence of the parties upon the controverted points is conflicting, it is the peculiar province of the jury to harmonize and settle the conflicting proof, and if the jury have been properly instructed, and a fair trial had, a new trial will not be awarded, unless there is a clear preponderance of the evidence against the verdict.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. GEO. W. FOGG, for the appellant.

Messrs. WARREN & GILMER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by John W. Stark, in the county court of Adams county, against Nathaniel Summers, to recover for labor performed by the former for Summers upon his farm.

A trial of the cause was had before a jury, which resulted in a verdict in favor of Stark for $350. The county court overruled a motion for a new trial, and rendered judgment upon the verdict.

Summers prosecuted an appeal to the circuit court of Adams county, where a trial was had upon the record from the county court, and the judgment affirmed.

Summers brings the record here by appeal, and asks a reversal of the judgment solely upon the ground that the verdict is contrary to the evidence.

It appears from the evidence that appellee had worked for appellant at different times, in all some four or five years.

On or about the 1st of September, 1870, there was due appellee, for work prior to that time, $108.40. Appellee then commenced work for appellant, and remained in his employ until October, 1873, and the controversy between the parties arises in regard to the amount due for labor during that time.

Appellee claimed, under the contract, he was to receive $20 per month, and $2 per day during harvest, while on the other hand, appellant claimed the contract was that he was to pay $20 per month during the months of April, May, June, July and August; $18 per month for September, October and November, and $16 per month for December, January, February and March.

Appellant claimed pay of appellee for boarding in the summer of 1870, while appellee was sick and unable to work, while appellee insisted he had an agreement with appellant by which he was to be boarded for the work he did.

14—76TH ILL.

Appellant claimed a set-off for the use of horses and a carriage by appellee, and appellee claimed that he was not to be charged for them.

There was also a clear conflict in the evidence in regard to the amount of payments made by appellant on the work. Neither was the evidence of the parties harmonious as to the time appellee actually worked and for which he should be paid.

The real controversy in the case was, what amount was actually due appellee for his services.

The evidence submitted to the jury by appellant and appellee, on almost every branch of the case, to settle the controverted point, was directly conflicting. Under such circumstances, it was the peculiar province of the jury to harmonize and settle the conflicting proof; and unless we can readily see, which we can not from this record, that the clear preponderance of the evidence is against the verdict, we can not interfere and award a new trial.

It is not pretended that the county court misdirected the jury on any question of law. Neither is it claimed that appellant failed to receive a fair trial. The only error complained of is, that the verdict is contrary to the weight of the evidence.

Upon a careful examination of the evidence in the record, and in view of the conflicting character of the testimony, we are not prepared to say the jury disregarded the weight of the evidence.

The judgment will therefore be affirmed.

*Judgment affirmed.*