## The Chicago and Alton Railroad Company

*v.*

## Emma Esten.

*Opinion filed February 17, 1899.*

1. RAILROADS—*communication of fire by engine need not be proved by direct evidence.* Evidence that an unused, closed and locked elevator adjoining a side-track was seen to be on fire in its cupola just after an engine had passed emitting sparks tends to show the fire was communicated by the engine, where there had been no fire in the elevator, the wind was blowing from the engine toward the building, and the defendant advances no other reasonable theory as to the origin of the fire.

2. EVIDENCE—*what will not justify inference that fire was burning in private house.* Evidence that the burning of an elevator was at a time of year when it might be presumed the weather was cold has no tendency to prove that a fire was burning in a house near the elevator, the occupants of which had been in bed for over an hour before the elevator fire broke out, from which it is claimed sparks might have been carried to the burned building.

3. SAME—*when error in admitting evidence will not reverse.* Error in permitting a witness who had no knowledge of how an elevator took fire, to give her conclusion that there was no other way for it to take fire except from a passing engine, is not ground for reversal, where, under the evidence, there was no other reasonable conclusion to be drawn.

4. INSTRUCTIONS—*words "prima facie" may be used without explaining their meaning.* An instruction repeating the language of the statute making the fact of the communication of fire from a locomotive *prima facie* evidence of negligence, is not erroneous in not explaining the meaning of the words *"prima facie."*

5. APPEALS AND ERRORS—*whether prima facie case is overcome is not for the Supreme Court.* Whether a *prima facie* case of negligence, made by evidence tending to prove the fact of the communication of a fire from defendant's engine, has been overcome is not a question for the Supreme Court.

*Chicago and Alton Railroad Co.* v. *Esten,* 78 Ill. App. 326, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. JOHN H. MOFFETT, Judge, presiding.

Blinn & Harris, for appellant:

After the evidence is closed, if the proof is of such character that if a verdict be ·found for the plaintiff the court will set it aside, then it is the duty of the trial court to instruct the jury to find for the defendant, and the refusal of such an instruction raises a question of law in the Supreme Court. *Railroad Co.* v. *Adler*, 129 Ill. 339.

Proof that a train passed an elevator located within thirty feet of the main track and forty feet from an occupied dwelling house, and that shortly after the train passed the elevator facing the track and the dwelling house was discovered to be on fire, is not sufficient proof to show the fire was caused by sparks from the engine. The law requires positive proof that would negative every probable cause. Shearman on Negligence, (3d ed.) sec. 333; *Sheldon* v. *Railroad Co.* 29 Barb. 226; *Smith* v. *Railroad Co.* 37 Mo. 287.

Where it appears from the proof that an engine alleged to have caused the fire was provided with the most approved spark-arrester in general use; that it was in good order; that the engine was in good order and managed by an experienced, careful and skillful engineer, who controlled the engine in a careful and skillful manner, it is an absolute defense, although a spark did escape and cause fire to a building. *Pennsylvania Co.* v. *Stoelke*, 104 Ill. 205; 3 Wood on Railroads, 1577; *Railroad Co.* v. *Quaintance*, 58 Ill. 392; *Railway Co.* v. *Pennell*, 94 id. 450; *Railway Co.* v. *Smith*, 11 Ill. App. 350; *Collins* v. *Railroad Co.* 5 Hun, 503; *Railway Co.* v. *Hunt*, 24 Ill. App. 646; *Vaughn* v. *Railway Co.* 5 Hun, 679; *Railroad Co.* v. *Schultz*, 93 Pa. 51.

Permitting a witness to give an opinion as to what caused the fire is reversible error. *Graham* v. *Pennsylvania Co.* 12 L. R. A. 295.

It is error to permit a witness who was not present when the fire commenced, to give his opinion as to what caused the building to be fired. It is directly invading the province of the jury. 7 Am. & Eng. Ency. of Law, 492;

178—13

*Abbott* v. *State,* 86 N. Y. 471; *Glass Co.* v. *Lovell,* 7 Cush. 321; 2 Best on Evidence, secs. 512, 513.

Although an instruction states correctly a proposition of law, if the language used is not such as is generally understood, or contains a technical expression calculated to mislead a jury, it should not be given. *Aultman & Co.* v. *Connor,* 25 Ill. App. 656; *Moshier* v. *Kitchell,* 87 Ill. 18; *Trish* v. *Newell,* 62 id. 198; *Railroad Co.* v. *Hansh,* 12 Ill. App. 88.

Beach & Hodnett, for appellee:

In an action against a railroad company for setting fire to buildings, the question as to where and from what source the fire originated is one of fact for the determination of the jury. *Railway Co.* v. *Tripp,* 175 Ill. 251; *Railroad Co.* v. *Schenck,* 64 Ill. App. 24; *Railway Co.* v. *Pindar,* 53 Ill. 447; *Dean* v. *Railway Co.* 39 Minn. 413; *Railroad Co.* v. *Matthews,* 49 Pac. Rep. 27; *Hemmi* v. *Railroad Co.* 70 N. W. Rep. 746; *Torpey* v. *Railway Co.* 2 Mo. App. 1004; *Railway Co.* v. *Stevens,* 43 Pac. Rep. 434.

Where the fire was started at a distance of sixty or seventy feet from the engine, by sparks and cinders of size and vitality sufficient to ignite the roof of a building, such facts tend to negative the claim that the spark arrester was in good repair and condition at the time of the accident. *Railroad Co.* v. *Spencer,* 47 Ill. App. 503; *Railroad Co.* v. *Smith,* 42 id. 527; *Callaway* v. *Sturgeon,* 58 id. 159; *Hagen* v. *Railroad Co.* 86 Mich. 615.

Where a *prima facie* case is made by showing that fire escaped from a passing engine, the burden of proof is changed to the defendant. The finding of the jury upon that issue will not be disturbed unless the verdict is wholly unwarranted by the evidence in the case. *Railroad Co.* v. *Storts,* 47 Ill. App. 342; *Railroad Co.* v. *Kingman,* 49 id. 43; *Railroad Co.* v. *Holderman,* 56 id. 144; *Railroad Co.* v. *Spencer,* 47 id. 503.

The escape of fire from appellant's engine was the proximate cause of the destruction of appellee's prop-

erty. *Fent* v. *Railway Co.* 59 Ill. 349; *Railway Co.* v. *Pennell,* 110 id. 448.

The judgment of the Appellate Court in affirming that of the circuit court conclusively settles all questions of controverted fact against appellant. *Hardy* v. *Rapp,* 112 Ill. 359; *Railroad Co.* v. *Spencer,* 149 id. 97; *Railway Co.* v. *Kallaher,* 114 id. 325; *Packet Co.* v. *Gattman,* 127 id. 598.

The use of the term "*prima facie*" in the instructions for appellee was not error. Such an instruction has been held good. *Railroad Co.* v. *Spencer,* 149 Ill. 97; *Railroad Co.* v. *Holderman,* 56 Ill. App. 144.

Error that is harmless will not reverse. *Kiernan* v. *Railway Co.* 123 Ill. 194; *Crosby* v. *People,* 137 id. 333; *Mead* v. *Altgeld,* 136 id. 306; *Schneider* v. *Manney,* 121 id. 280; *Williams* v. *Scott,* 70 Ill. App. 51; *Frew* v. *Railroad Co.* 57 id. 42.

Mr. Justice Cartwright delivered the opinion of the court:

Appellant's railroad runs north and south through Lawndale, in Logan county, where it has a main track and two side-tracks west of it. Between nine and ten o'clock on the night of November 4, 1895, an unused elevator adjoining the west side-track took fire and was burned, and from it fire was communicated to two buildings and out-buildings of appellee across the street and about three hundred feet north-west from the elevator. There was a two-story building with merchandise stored in the upper story, a cob-house and a tenant house, which were destroyed, with the fences, walks and trees. She lived in a house fourteen feet east from the main track, opposite the elevator and about forty feet from it, and that property was damaged by the fire. She brought this suit against appellant to recover for her loss, and there was a verdict for $1500, followed by a judgment. The Appellate Court has affirmed the judgment.

At the conclusion of the evidence the defendant asked the court to give an instruction directing a verdict of not

guilty, but the court refused to give it. It is argued that the court was in error in such refusal, because there was a total absence of evidence of the origin of the fire. No one saw what caused the fire, and no witness knew from personal knowledge that it was communicated from the defendant's engines to the elevator. The only means of determining the agency which caused it consisted in the surrounding circumstances, and the evidence tending to charge defendant with causing it was that two of its freight trains passed through Lawndale within a few minutes of each other, just before the fire was discovered; that the elevator was closed and locked, and there had been no fire in it and no way by which the fire could have originated in the building; that there was a high wind blowing from the south-east, which would carry fire or sparks from the track to the elevator; that the engine on one of the trains was emitting some sparks as it passed through Lawndale; that just after the second train had passed the elevator was seen to be on fire in what is called the "dog house,"—a sort of cupola on top of the building,—and that the appearances indicated it took fire from the outside. There was no evidence of any other agency which could have caused the fire and no other source is pointed out by counsel, except that it might have been communicated from the plaintiff's house on the opposite side of the tracks. It is true that the evidence shows the house was there, but there was no evidence that there was any fire in it. The plaintiff, who lived there, had gone to bed and had been in bed for an hour, and the only thing from which counsel think an inference that there was a fire in the house might be drawn is the time of year, November 4, when we might presume the weather was cold. We think it clear that such fact, under the circumstances, had no tendency to prove that there was a fire burning in the house which might have been communicated to the elevator. The evidence tended to prove that the fire was communicated by one of these

locomotives, and the statute has made such fact, when established, *prima facie* evidence of negligence. The defense made at the trial was that the engines were equipped with the best and most approved appliances for preventing the escape of fire; that they were in good condition and repair and were carefully. and skillfully managed, and that no device could be provided that would prevent all sparks from escaping, as in such case there would be no draft and the utility of the engine would be destroyed. There was no evidence which pointed to any other agency than the engines which could have caused the fire, and the defense does not seem to have been based upon such a proposition. Whether the evidence on the part of the defendant was sufficient to overcome the *prima facie* case made under the statute was for the trial court and Appellate Court, and cannot be reviewed here. The request for the peremptory instruction was properly denied.

Plaintiff, while testifying, was asked if there was any way for the roof to take fire other than from fire from the train, and the court overruled an objection to the question. She answered, "No, sir; none I can conceive of." She did not see the fire originate, but was in bed and asleep, and knew nothing about any cause that might have existed, and did not pretend to. Anything she could say about it would be a mere conclusion from the facts and circumstances, and the jury had been empaneled to decide what conclusion should be drawn from them. Witnesses must ordinarily testify to facts, and not to conclusions or inferences from facts, and by permitting her to answer this question the court allowed her to take the place and usurp the functions of the jury. The ruling of the court was undoubtedly erroneous. (7 Am. & Eng. Ency. of Law, 492; 2 Best on Evidence, sec. 512; 1 Phillips on Evidence, 778.) If there had been any evidence tending to show that the fire might have originated through some other cause we should say that such an error could not be overlooked but would require a reversal. The admis-

sion of her opinion or conclusion to influence determination between different theories or claims as to the cause of the fire would necessarily have been prejudicial, but in the condition of the evidence we do not see how it could have made any difference, because there was only one conclusion which could have been drawn.

The court gave an instruction asked by the plaintiff which followed the statute, and informed the jury that if they believed, from the evidence, the fire was communicated from the locomotive engines used by defendant upon its railroad, that fact should be taken by them as full *prima facie* evidence to charge the defendant with negligence. The instruction was substantially the one given in *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Spencer*, 149 Ill. 97, and the objection made is, that the term *"prima facie"* should have been so modified and explained that the average juror would comprehend and understand what was meant by it. In the case cited the instruction was held to be proper, and it was said that if, in the opinion of counsel for defendant, there was danger that its meaning might be misapprehended they should have offered an instruction for that purpose, which would undoubtedly have been given. In the first instruction given for the plaintiff in this case the subject is referred to, and it was conceded by that instruction that the defendant might overcome the *prima facie* case made by the proof of setting the fire. Webster's dictionary contains the term as English, and it is probably as well understood as a large share of the words and terms used, so that it cannot be said to be the introduction of a foreign language into an instruction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*