George S. Martin, Defendant in Error, v. Carl Starr
et al., Plaintiffs in Error.

Opinion filed October 31, 1929.

GEERS & GEERS and J. F. EECK, for plaintiffs in error.

KEEFE, BANDY & LISTEMAN, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This action was brought to recover for the death of Mabel Martin who was killed in an automobile collision. The suit was brought against Carl Starr and his father,

Lester Starr. The trial resulted in a verdict and judgment for $5,000.

Lester Starr and his wife were divorced in 1912 and their son Carl has lived with his mother at Alton for about twelve years. Lester Starr has lived in Mt. Vernon for several years and for the past five or six years Carl has spent the summer vacations at his father's home. On August 22, 1928, the date of the collision, Carl was not quite 17 years of age. His father owned a Buick car and during the summers of 1927 and 1928 Carl frequently drove that car for his own pleasure and that of his boy friends. At times he drove the car when the father was with him. The evidence discloses that Carl drove the car so frequently for his own pleasure that it is a fair and reasonable inference that he drove the car with the knowledge and consent of his father. It is also a reasonable inference, from the evidence, that the father kept the car for the pleasure of his family.

On the day in question Carl took the car for a pleasure drive, picked up three boys, about his own age, and drove north from Alton on the hard road toward Godfrey. At the same time Mrs. Martin approached the hard road from the east on Mulberry Street in the outskirts of Godfrey. She was driving a Chevrolet car and before driving onto the hard road came to a stop. There is a conflict in the evidence as to the distance the Buick car was from the intersection at the time she stopped. The evidence on the part of defendant in error is to the effect that the Buick car was several hundred feet south of the intersection, while that on the part of plaintiffs in error is that it was about 140 feet south. There is also a conflict in the evidence as to whether the collision occurred while Mrs. Martin was crossing and turning south on the hard road, or whether it occurred after she had completely turned

and after her car was entirely on the west side of the black line. There is also a conflict in the evidence as to the speed of the Buick car just before and at the time of the collision. On one side the speed is shown to have been from 50 to 70 miles an hour, while the boys in the Buick car say they were not going more than 35 miles an hour. One witness testified that it looked like two of the boys in the car were scuffling, but that is denied. There is also a conflict in the evidence as to whether the Buick car as it approached the point of collision was zigzagging back and forth from one side of the road to the other. Some of the witnesses testified that there were indications on the hard road that the collision occurred 20 or 30 feet south of the intersection. Some of them say that the collision occurred on the west side of the black line. Following the collision the Buick car left the pavement on the west side of the road, crossed a little ditch about ten inches deep, went up a two-foot embankment onto the sidewalk and ran about 100 to 125 feet before it stopped.

We are of the opinion that the questions of negligence and contributory negligence were questions of fact for the jury and that we would not be warranted in disturbing the verdict in that regard.

It is contended that plaintiffs in error were not jointly liable. When a father provides a car for the pleasure of his family and permits a child to operate it for that purpose, such child is the agent in the furtherance of that business while operating the car for its own pleasure. We so held in *Toms v. Ketterer*, 237 Ill. App. 135 and certiorari was denied by the Supreme Court. About the same time the Supreme Court held that a father was liable under such circumstances; *Gates v. Mader*, 316 Ill. 313.

In such cases the father's liability arises under the doctrine of *respondeat superior*. We are aware of the fact that there is a conflict in the decisions as to whether

the master and servant, or a principal and agent, may be sued jointly for an injury occasioned by the servant or the agent when the master' or principal is not personally guilty of any negligence. The great weight of authority, as well as sound reasoning, is to the effect that a master and servant may be joined in an action in which damages are claimed on account of the negligence of the servant, the master being held liable on the doctrine of *respondeat superior*. This will be seen from *Barran v. Adanick*, 251 Ill. App. 481 and the many cases therein cited. We so held in *Richardson v. Moore*, 254 Ill. App. 511.

It is argued that the judgment should be reversed because Carl Starr was a minor and no guardian *ad litem* was appointed to represent him. The record discloses that he was represented by the same counsel who appeared on behalf of his father. They filed the general issue for the minor. A judgment against a minor for whom no guardian *ad litem* is appointed is not void, but only voidable. The question may be raised and advantage taken on error or appeal; *Thurston v. Tubbs*, 250 Ill. 540–542. In the case at bar separate motions for a new trial were filed on behalf of each of the plaintiffs in error. Each motion was in writing and specific points or grounds were stated, but the error in proceeding with the trial without the appointment of a guardian *ad litem* for the minor defendant was not mentioned.

The rule is well settled that if the grounds of a motion for a new trial are specified in writing, all grounds for new trial not set forth in such written grounds are waived; *Yarber v. Chicago & A. R. Co.*, 235 Ill. 589. The question has not been properly preserved and the judgment cannot be reversed because of the failure to appoint a guardian *ad litem*.

After the motions for new trial were overruled and judgment rendered on the verdict, the minor filed a motion in the nature of a writ of error *coram nobis* to set

aside and vacate the judgment for error in fact. The alleged error is the failure of the court to appoint a guardian *ad litem*. This alleged error of fact was known to the court because the age of the minor was averred in the declaration, and plaintiffs in error called the mother of Carl Starr to prove by her that he was 17 years old on December 31, 1928. A motion under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, to set aside a judgment for an error of fact must set up and rely upon such fact or facts as do not appear upon the record and are unknown to the court, and which, if known, would have precluded the rendition of the judgment; *People v. Noonan*, 276 Ill. 430. The motion amounts to a declaration in the new suit to reverse or recall the judgment it is intended to correct, and such suit is independent of the proceeding in which the judgment sought to be set aside was rendered; *Harris v. Chicago House Wrecking Co.*, 314 Ill. 500.

The fact that Carl Starr was a minor and that no guardian *ad litem* was appointed was known to the court before judgment was rendered. That being true a motion in the nature of a writ of error *coram nobis* will not lie. There is nothing upon which to predicate such a motion. It was simply an error of law on the part of the court and should for that reason be taken to a higher tribunal for reversal, instead of making application to the court itself. We so held in *Mitchell v. Eareckson*, 250 Ill. App. 508, in which we cited the authorities in support of our conclusion.

The criticism on the giving of instructions is as follows: "Plaintiff's instructions numbered two and three incorporated the language of Cahill's St. ch. 95a, ¶ 23, as to speed. Under the authorities cited in Point VII of our brief, the giving of these instructions constituted reversible error. Plaintiff's instruction numbered four is predicated upon the family purpose doctrine, and since that doctrine is inapplicable under the

facts in this case, the giving of the instruction was erroneous.'' 'The authorities cited in Point VII of the brief is *Stamas v. Waskow*, 250 Ill. App. 364.

While an instruction in the language of the statute was held to be reversible error in the case cited, other cases are mentioned therein wherein it was held that the giving of such an instruction was not reversible error. In the following cases instructions in the language of the statute were held not to be reversible error; *Stansfield v. Wood*, 231 Ill. App. 586; *Ehrenheim v. Yellow Cab Co.*, 239 Ill. App. 403; *Johnson v. Duke*, 247 Ill. App. 372; *Leideck v. City of Chicago*, 248 Ill. App. 545.

No argument is presented in support of the contention that the giving of the second and third instructions was erroneous. If counsel thought that under the pleadings and the evidence the giving of such instructions was error, they should have pointed out their reasons in support of their contention. It is quite evident that under the decisions such instructions may or may not be reversible error. We have already held that the family purpose doctrine is applicable to this case and for that reason the objection to the fourth instruction cannot be sustained.

The second and third instructions contained the term ''prima facie evidence'' and it may be that this is one of the objections that counsel had in mind but failed to express. In *Johnson v. Pendergast*, 308 Ill. 255, the court said that the failure to comply with the requirement of an ordinance would in law be prima facie evidence of negligence, and that the instruction given was right in saying so. In this case the court also said that it was doubtful whether the ordinary juror would understand the legal meaning of the term prima facie. That statement has been so frequently cited by the courts in later decisions that many trial courts and members of the bar seem to be of the opinion that the

term should never be used. ' The judge who wrote the opinion in the *Johnson* case, *supra,* also wrote the opinion in *Chicago & A. R. Co. v. Esten,* 178 Ill. 192. In the latter case an instruction in the language of the statute making the fact of the communication of fire from a locomotive prima facie evidence of negligence was given on behalf of the plaintiff. It was contended that the term "prima facie" should have been so modified and explained that the average juror would comprehend and understand what was meant by it. The court said: "Webster's dictionary contains the term as English, and it is probably as well understood as a large share of the words and terms used, so that it cannot be said to be the introduction of a foreign language into an instruction."

In *Leideck v. City of Chicago,* 248 Ill. App. 545, the court shows that the term "prima facie" has been regarded as English for more than 500 years.

No reversible error having been pointed out, the judgment is affirmed.

· *Affirmed.*