Flora Ulbricht, Appellee, v. Western Coach Lines, Appellant.

Opinion filed March 4, 1937.

WM. P. BOYNTON, of Alton, for appellant; BERT E. STRUBINGER, of St. Louis, Mo., of counsel.

HARRY G. ERBS, of St. Louis, Mo., and CHESTER H. FARTHING, of East St. Louis, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Appellee, plaintiff below, recovered a judgment for $7,500 in the circuit court of Madison county against defendant, who is appellant here, which the latter by this appeal seeks to reverse. The cause of action grew

out of an injury sustained by plaintiff on May 27, 1934, at a point some seven miles east of Alton, at the junction of State Highways Nos. 112 and 140, caused by a collision of the automobile driven by her husband, and in which she was riding, with the bus of defendant.

Numerous grounds are assigned for reversal, one of which is the refusal of the trial court to give to the jury an instruction tendered by defendant.

We find that the written motion for a new trial, specifying grounds therefor, did not assign the giving or refusal of instructions as a reason why a new trial should be awarded. By filing such motion in writing, setting forth certain causes therefor, the party thereby waives all grounds not specified therein. *Erikson v. Ward*, 266 Ill. 259; *Martin v. Starr*, 255 Ill. App. 189. This being the rule, defendant's contention in this behalf is without validity.

It is also urged by defendant that the court erred in refusing to direct a verdict, in overruling motion for judgment *non obstante veredicto*, and in refusing to grant a new trial, for the reason that plaintiff failed to prove due care on her part, and that negligence of the defendant was the proximate cause of the injury.

The proof bearing upon both propositions was conflicting. There was evidence tending to support the affirmative of each, and also testimony to the contrary. We think the proof upon these matters raised a fair question for the jury, and where such is true it is not the province of the trial court to direct a verdict or enter judgment *non obstante*. *St. Clair Nat. Bank v. Monaghan*, 256 Ill. App. 471; *Greenwald v. Baltimore & O. R. Co.*, 332 Ill. 627. This also disposes of the question of the court's refusal to award a new trial. Where a fair question of fact is raised by the proof the court will not set aside the jury's finding as against the weight of the evidence. *Summers v. Stark*, 76 Ill. 208.

Lastly it is claimed that the damages awarded are excessive. It appears that plaintiff, as a result of the accident, received divers bruises and contusions, suffered a punctured lung, and sustained a lacerated wound running across the extensor tendons of the thumb, index finger and middle finger of the hand; that at the time of trial, two years after the injury, she was unable to bring the fingers into full grip into the palm of the hand; that she could not get the thumb closer than one and one-half inches to the palm of her hand, and that she was unable to do any housework which required the use of the hand. Also, that she sustained a fracture of the left knee, which required treatment for the two years after its infliction, and which was accompanied by pain and which made necessary the wearing of an elastic bandage on the knee for support; furthermore, that whenever she was obliged to do much walking or standing upon the feet, pain and swelling of the knee would ensue. Her attending physician expressed the opinion that the injury to the knee had reached its maximum recovery, and that the injury would probably remain permanent. Plaintiff spent several weeks in the hospital, contracted physicians' bills in excess of $500, and at the time of trial was unable to sleep without the aid of sedatives and experienced inability to concentrate when reading. In addition to her duties as a housewife she had been an agent for a corset company, calling upon customers, taking their measurements and fitting them with corsets; her annual earnings for the two years prior to the accident having been $300.

With this showing as to permanent disability, pain and suffering endured, loss of earnings, and expense of medical treatment, we do not think the judgment is excessive.

*Judgment affirmed.*