Christine Doellefield, Appellant, v. Travelers Insurance Company and G. A. Brodine, Appellees.

Gen. No. 9,414.

February term, 1939. Heard in this court at the February term, 1939. Opinion filed January 8, 1940. Rehearing denied February 6, 1940.

SMITH & MENZIMER and HALL & DUSHER, both of Rockford, for appellant.

C. H. LINSCOTT, of Rockford, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

This suit was instituted by Christine Doellefield against the Travelers Insurance Company and G. A. Brodine and is based upon an insurance policy issued by the Travelers Insurance Company. The policy insured the life of Eyner C. Peterson in the sum of $10,000 and is dated July 26, 1926 and had attached thereto an additional indemnity provision by which the company agreed to pay the beneficiary, Christine Peterson, now Christine Doellefield, the plaintiff herein, an additional $10,000 upon receipt of due proof that the death of the insured resulted from bodily injuries effected directly and independently of all other causes through external, violent and accidental means. The premium on this additional insurance was $1.10, payable monthly. G. A. Brodine was the general agent of the company and resided in Rockford and in one of the counts of the complaint it was alleged that prior to the death of the insured and by virtue of an agreement had between Brodine and the insured, the premium had been paid to him and in the third count of the complaint, it was charged, among other things, that the agent, Brodine, had failed to pay the premium under a specific agreement which the insured had with him and sought a judgment against him individually. The defendants answered, denying the payment of the premium as alleged and traversing the allegations that the defendant, Brodine, had agreed to pay the premiums. The issues thus made were submitted to a jury, resulting in a finding for both defendants upon which judgment was rendered and the plaintiff appeals.

The record discloses that appellee Insurance Company had issued to Eyner C. Peterson two policies of

insurance, one an accident policy and the other is the policy which forms the basis of this suit.

On November 3, 1932, the insured was accidentally drowned and subsequently the company paid the amount due under the accident policy and the insurance under the provisions of the policy involved herein other than the insurance called for by the additional indemnity rider, is being paid monthly as provided in the policy. This additional indemnity contract, so far as material, provides that the additional sum of $10,-000 would be paid by the company only in the event that the accident which should cause the death of the insured should occur before a default in the payment of any premium required under the indemnity provision or under the life contract. It is the sole contention of appellees that the insured defaulted in the payment of the monthly premium of $1.10 on September 26, 1932 and that the company is therefore not liable. The contention of appellant is that the insured and Brodine had an agreement which was acceptable to the company, whereby Brodine had charged the account of Peterson upon the books of the company with the premium due September 26, 1932, that after the death of Peterson the books were changed but so far as the company was concerned there was a payment of the premium due September 26, 1932 which kept the policy, including the additional indemnity rider effective until October 26, 1932 when another premium became due, that while the premium due October 26th was not paid, the policy provided for a grace period of 31 days and as Peterson's death occurred on November 3, 1932, it was within the grace period.

Inasmuch as the judgment must be reversed because of erroneous instructions, it is not necessary for us to detail the evidence or comment upon it.

The first instruction given at the request of the defendants stated that "while the law permits a plaintiff in a case to testify in her own behalf, nevertheless the

jury have a right, in weighing her testimony and determining how much credence is to be given to it, to take into consideration the fact that she is the plaintiff and has an interest in the result of the suit.'' Defendants' fourth given instruction told the jury that "while the law permits the defendant in the case to testify in his own behalf, the jury have no right to discredit his testimony from caprice or merely because he is the defendant.'' It has been held proper to give an instruction similar to the first instruction where a corporation is sole defendant and the plaintiff an individual and the only directly interested witness who testifies. *Chicago & E. I. R. Co. v. Burridge,* 211 Ill. 9. In the instant case G. A. Brodine is a defendant and testified and his testimony and that of the plaintiff were conflicting. Where both plaintiff and defendant are natural persons it has been held error to give such an instruction. *Engstrom v. Olson,* 248 Ill. App. 480. The jury in the instant case were told by the first instruction that the law permitted the plaintiff to testify but that she was interested in the result of the suit and for that reason her testimony might be discredited, but in the fourth instruction they were told that they should not discredit the testimony of the defendant merely because he was the defendant. The giving of these instructions in this case, in our opinion, was such error as necessitates a reversal of this judgment.

Counsel for appellee insists that as no written motion for a new trial was made, the error in giving these instructions is not preserved for review. Section 68 of the present Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 192; Jones Ill. Stats. Ann. 104.068] provides that a party desiring to make a motion for a new trial shall file the points in writing particularly specifying the grounds of such motion. Section 77 of the former act was identical so far as the matter now under con-

sideration is concerned. In *People v. Cohen,* 352 Ill. 380, the court said:

"Section 77 of the Practice Act directs the party moving for a new trial to file the points in writing, particularly specifying the grounds of his motion. This court has held that that section is directory and not mandatory, and that if the party moving for a new trial makes either a written or verbal motion for a new trial without stating in writing the grounds therefor and without objection, the requirement of such statement is waived. If certain points in writing particularly specifying the grounds of a motion for a new trial have been filed, the party filing the same will be deemed to have waived all causes for a new trial not set forth in his written grounds and in the Appellate Court will be confined to the reasons specified. If the motion has been submitted without specifying the grounds therefor in writing, the party may avail himself of any cause for a new trial which may appear in the record, whether it be the admission or rejection of evidence, the giving or refusing of instructions, the lack of sufficient evidence, or any other error occurring on the trial. The above holding by this court is applicable to both civil and criminal cases."

The report of the proceedings embodied in the transcript of the record in this case discloses that plaintiff moved the court to set aside the verdict and grant a new trial, that this motion came on for hearing and the court having heard the arguments of counsel and being fully advised in the premises, overruled the motion for a new trial, refused to grant a new trial and rendered judgment on the verdict. *Huber v. Van Schaack-Mutual, Inc.,* 368 Ill. 142 and other cases cited by appellee where no motion for a new trial either oral or written was made and *Ulbricht v. Western Coach Lines,* 289 Ill. App. 164, where a written motion was filed specifying the grounds for a new trial but which

did not assign the giving or refusal of instructions as a reason why a new trial should be granted are not in point.

Under our practice the party moving for a new trial may be required by the court upon motion of the opposite party or upon the court's initiative to file the points in writing particularly specifying the grounds of such motion. If the motion is submitted to the court without any statement in writing of the points relied upon and without objection either by court or counsel, the requirement of the practice act is waived and the moving party may avail himself of any cause for a new trial which may appear in the record. *Yarber v. Chicago & Alton Ry. Co.*, 235 Ill. 589. If certain points in writing particularly specifying the grounds of the motion have been filed, the party filing the motion will be deemed to have waived all reasons not specified. *Ulbricht v. Western Coach Lines, supra.*

For the error in giving the instructions referred to the judgment of the circuit court of Winnebago county will be reversed and the cause remanded.

*Reversed and remanded.*