Thelma Leah Rose, Appellant, v. Kenneth Lee Meyer, Appellee, and Aroma Meyer, Defendant.

Gen. No. 9,118.

Heard in this court at the April term, 1938. Opinion filed January 15, 1940. Rehearing denied February 23, 1940.

F. T. Carson and Lloyd S. Engert, both of Urbana, and C. E. Tate, of Champaign, for appellant.

Dobbins, Dobbins & Thomas, of Champaign, for appellee; R. F. Dobbins and J. G. Thomas, of counsel.

Mr. Presiding Justice Riess delivered the opinion of the court.

The plaintiff appellant, Thelma Leah Rose, has appealed from a judgment in favor of the defendant appellee, Kenneth Lee Meyer, entered by the circuit court of Champaign county on October 6, 1937.

The case had been tried by a jury and motions for a directed verdict of not guilty in favor of both defendants were interposed at the close of plaintiff's evidence. The motion of the defendant Aroma Meyer was granted and the suit was dismissed as to said defendant, from which order no appeal was taken. The court reserved its decision on the motion of Kenneth Lee Meyer, which motion was renewed at the close of all of the evidence and decision thereon was reserved until after general verdict. After hearing the cause, a verdict was returned by the jury in favor of the plaintiff for damages in the sum of $10,000 for personal injuries and property damages and expenses alleged to have been sustained by the plaintiff in an automobile collision. Subsequent thereto, the motions for a directed verdict in favor of said defendant upon which decision had been reserved by the court was argued and granted and a judgment notwithstanding the verdict was entered in favor of said defendant in bar of the action, from which judgment this appeal was taken.

The complaint herein consisted of five counts, severally alleging due care on the part of the plaintiff and charging negligence on the part of the defendant in the operation of his automobile, in failing to sound warning and in swerving his car into the rear of the plaintiff's car after she had passed the intersection of Vine and Randolph streets in the city of Champaign, Illinois; in negligently striking her car in the side and rear; in not keeping proper lookout and observing plaintiff's car and in driving at an excessive

speed of 45 miles per hour in violation of the provisions of the Motor Vehicle Law of Illinois and of being guilty of general negligence which proximately caused the injuries and damages sustained by the plaintiff. Defendants' answer specifically denied each of the material allegations of the several counts.

Error was assigned in granting the motions for a directed verdict and in setting aside the verdict of the jury and entering judgment in favor of the defendant notwithstanding the verdict. In passing upon these questions, it is necessary to determine whether or not competent legal evidence was offered and admitted at the trial, which, with reasonable inferences therefrom, tended to prove the material allegations of the complaint. If such proof was made, it became the duty of the trial court to overrule the motions for a directed verdict and submit the issues of fact to the jury for its consideration and verdict and enter judgment on such verdict, unless a motion to set the same aside and grant a new trial was duly filed and granted by the court upon sufficient grounds shown and set forth in said motion. Upon the motions for a directed verdict in favor of the defendant the evidence must be viewed and considered in the light most favorable to the plaintiff.

In substance, the plaintiff testified that she lived in Champaign; drove from her home in her car, a Plymouth coupe, at about 9:15 o'clock Sunday morning, June 17, 1934, accompanied by a pupil, Betty McManaway, then aged 14 years; that the weather was sunshiny and dry; that she drove east on Illinois street to Randolph street, then north on Randolph street on the way to the home of two of her pupils residing there; that she stopped the car at Columbia avenue, then proceeded across Columbia avenue toward Vine street; that as she approached Randolph and Vine she was driving along the right side of Ran-

dolph street; that she had driven cars equipped with speedometers since quite young and was capable of judging speed of cars and was driving not to exceed 15 miles an hour when she approached the intersection of Vine and Randolph streets; that she then looked to her right and left before entering the intersection; that in her best judgment she was 36 feet from the intersection when she looked to the right and when she got to the curb line of the intersection she again looked to the right but saw no approaching cars; that she then proceeded across the street and after having looked both ways, continued until she heard a screeching and grinding of brakes; that at that time her car was across the street on the north side of Vine street, which runs east and west; that the rear of her car was entirely across the street; that when she heard the screeching of brakes she looked over her right shoulder to see where the noise was coming from and then saw the defendant's car approaching at a fast rate of speed; that this car was driven by the defendant Kenneth Lee Meyer; that as she swerved to the left, his car continued to come toward her car and struck its rear end over the right wheel and then her car started to spin around and turned over on its left side, and when it came to rest it was upset and on her arm; that in her opinion said defendant was traveling 40 miles per hour just before he struck her and that when she saw defendant over her shoulder in her opinion he was traveling about 50 miles per hour; that her car came to rest on Randolph street. She then detailed certain serious bodily injuries and her subsequent removal to the hospital and treatment thereafter.

On cross-examination she further stated in substance that she could see at least a quarter of a block down the street toward the east, judging it to be between 50 and 60 feet, and saw no cars approaching before or when she was at the south curb line of Vine street

and entered into the intersection; that she looked and could have seen a car in the block at that time; did not recall if a car was parked 150 feet east; that at the time she saw the Meyer car, it was at the curb line of Randolph street on the north side of Vine street; that she was driving on the right side of Randolph street between the center of the street and the east curb line and that she saw the Meyer car coming about the line of the sidewalk and judged it about 12 feet away; that it struck the rear end of her car and she felt the blow; had looked and turned the car to the north when she heard a loud screeching of brakes; tried to get out of the way of the other car; that her car was at the north curb line of Vine street; that she entered the intersection not to exceed 15 miles an hour, and judged her speed to be between 12 and 15 miles; that she played the piano and taught dancing to children and on programs.

Further cumulative testimony of a similar nature was given by Betty McManaway, including evidence of partial obstruction of view by a low hedge, some shrubbery and trees at and near the corner. She placed the cars at the same point at the time of impact, testified to the screeching brakes of the defendant's car and to the rate of speed. Disinterested neighbors also testified as to the screeching brakes, the noise of the impact and the location and condition of the cars after the collision and as to the low hedge, shrubbery and trees.

It appeared that neither driver saw the other car until shortly before the time of the impact. The fact that plaintiff did not see the defendant's car until just before the collision is strongly stressed by defendant appellee as evidence of want of due care on the part of the plaintiff, but assuming that she had looked both ways upon entering the intersection, was crossing at a speed of not more than 15 miles an hour, had passed the center and was almost across Vine street when

defendant's car came from the right at a speed of 40 or 50 miles an hour and struck the rear of her car, it would become purely a question of fact whether or not, under the above circumstances and considering the evidence in the light most favorable to the plaintiff, she was exercising due care or was guilty of contributory negligence, and whether or not the negligence of the defendant, if any, was the sole proximate cause of the injuries.

Upon these issues of fact, it clearly appears to this court from a careful examination of the abstract and record herein that there was a sharp conflict in the evidence and that the motion for a directed verdict should not have been granted. (*Ziraldo v. W. J. Lynch Co.*, 365 Ill. 197, 6 N. E. (2d) 125; *Blumb v. Getz*, 366 Ill. 273, 8 N. E. (2d) 620.) Under the above circumstances, the motion for a judgment notwithstanding the verdict could only be properly granted under the same rule that the motion for a directed verdict could be granted (*Ulbricht v. Western Coach Lines*, 289 Ill. App. 164, 6 N. E. (2d) 931); namely, that there was no evidence tending, with reasonable inferences therefrom, to prove the material allegations of the complaint or some count thereof.

Defendant appellee, in his brief, assigns as alleged cross errors, want of due care on the part of the plaintiff appellant in crossing the intersection in question; that the verdict of the jury was contrary to the manifest weight of the evidence and did not warrant a verdict for the plaintiff; that the trial court erred in giving or refusing certain instructions concerning the rights of the respective parties upon approaching and crossing the intersection where the collision occurred, which alleged errors were argued in his brief.

These were not matters to be considered by the court upon motions for directed verdict and are not properly before this court at this time. Objections

to instructions and that the verdict is contrary to the manifest weight of the evidence were matters that could only be raised by defendant on a written motion to set aside the verdict and grant a new trial and cannot now be raised in or considered by this court.

The trial court erred in granting defendant appellee's motion for directed verdict in his favor and in setting aside the general verdict and entering judgment notwithstanding the verdict, in favor of the defendant upon his subsequent oral motion therefor. The motions for directed verdict should have been denied; and unless motions for new trial were duly filed before judgment, a judgment on the general verdict for the plaintiff should have followed, subject to proper disposition of any motion for a new trial filed within 10 days thereafter and to statutory right of appeal by either party.

The judgment of the circuit court of Champaign county will therefore be reversed and the cause remanded with directions to proceed according to the holdings of this court herein.

*Reversed and remanded with directions.*